UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JYOTI GAUTAM MURRAY and ALLEN PERRY, on behalf of themselves and all others similarly situated, </br></br>      Plaintiffs, </br></br>vs. </br></br>METRO FIBERNET, LLC d/b/a METRONET, </br></br>      Defendant. | No. 3:24-cv-00131-MPB-CSW |

**DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE,
TO STRIKE CERTAIN ALLEGATIONS IN THE COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Metro Fibernet, LLC d/b/a Metronet ("Metronet") respectfully moves this Court for an Order dismissing Plaintiffs' Complaint (Dkt No. 1), or, in the alternative, moves pursuant to Federal Rule of Civil Procedure 12(f) to strike Paragraph 47 from the Complaint.  The bases for Metronet's Motion (more fully described in the contemporaneously filed Memorandum in Support) are as follows:

    1.    Plaintiffs fail to meet the heightened pleading requirement for fraud-based claims enumerated in Rule 9(b) of the Federal Rules of Civil Procedure.

    2.    Plaintiffs' claims are barred by the voluntary payment doctrine because each Plaintiff knowingly and voluntarily continued to pay Metronet the monthly "Tech Assure Fee" after learning of the fee without protest.

    3.    Plaintiff Murray's claim under Indiana law is barred by the statute of limitations.

    4.    Plaintiff Murray's claims under Kentucky law must be dismissed because there is no nexus between Plaintiff Murray, Metronet, and the State of Kentucky.

    5.    Plaintiff Perry's claims under Minnesota law must be dismissed because there is no nexus between Plaintiff Perry, Metronet, and the State of Minnesota.

6. Plaintiffs' claims alleging unjust enrichment must be dismissed because there is an express contract between Metronet and each Plaintiff.

7. In the alternative, Paragraph 47 of Plaintiffs' Complaint should be stricken because it includes allegations that are immaterial and scandalous.

8. In further support of its Motion, Metronet incorporates the following exhibits filed herewith:

 a. Exhibit 1 Perry Summary E-mail;

 b. Exhibit 2 Perry Installation Confirmation;

 c. Exhibit 3 Terms and Conditions;

 d. Exhibit 4 Murray Summary E-mail;

 e. Exhibit 5 Murray Installation Confirmation; and

 f. Exhibit 6 Murray First Invoice.

WHEREFORE, Metronet respectfully requests that the Court grant its Motion to Dismiss and enter an Order dismissing Plaintiffs' Complaint, or, in the alternative, strike Paragraph 47 of Plaintiffs' Complaint.

Dated: September 23, 2024

Respectfully submitted,

By: /s Scott T. Schutte
Scott T. Schutte
Spenser B. Jaenichen (*pro hac vice forthcoming*)
**MORGAN, LEWIS & BOCKIUS LLP**
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Phone: 312.324.1000/Fax: 312.324.1001
scott.schutte@morganlewis.com
spenser.jaenichen@morganlewis.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

  I, Scott T. Schutte, an attorney, certify that I filed the foregoing Motion using the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record on this 23rd day of September 2024.

            /s/ Scott T. Schutte