UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JYOTI GAUTAM MURRAY and ALLEN PERRY, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>METRO FIBERNET, LLC d/b/a METRONET,<br><br>    Defendant. | No. 3:24-cv-00131-MPB-CSW |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION
### TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS

Defendant Metro Fibernet, LLC d/b/a Metronet ("Metronet") respectfully moves this Court for an Order staying discovery until 28 days after resolution of Metronet's Motion to Dismiss (assuming any of Plaintiffs' claims survive the Motion to Dismiss). Alternatively, if this Court denies this Motion to Stay Discovery, Metronet respectfully requests that this Court allow Metronet until 28 days after such denial to respond to Plaintiffs' written discovery.[1]

### BACKGROUND

Named Plaintiffs Jyoti Gautam Murray and Allen Perry have brought this putative class action against Metronet alleging that each signed up for Metronet's internet service based on pricing representations made by Metronet in "advertising and marketing materials" that failed to disclose that Metronet charged a monthly "Tech Assure Fee" (the "TAF"). (Cmplt Dkt No. 1 ¶ 24.) Plaintiffs to seek to represent a multi-state class dating back to August 2018.

---

[1] On November 18, 2024 at 2 p.m., the parties – Tyler Ewigleben on behalf of Plaintiffs, and Scott Schutte and Spenser Jaenichen on behalf Metronet – conferred by video-conference on the relief sought in this Motion. At the conclusion of the conference, Plaintiffs advised Metronet that they opposed the relief sought.

Metronet filed a Motion to Dismiss on September 23, 2024. (Dkt. No. 13.) A core argument in Metronet's Motion to Dismiss is that, although Plaintiffs allege that they signed up for Metronet internet service "[b]ased on" and "[i]n reliance on Metronet's representations made in its advertisements and marketing materials" (Dkt No. 1 ¶¶30, 32, 39, 41) – and thus their entire claim hinges on whether Metronet did or did not disclose the TAF in the materials on which Plaintiffs relied – Plaintiffs have not identified even one of the "advertising and marketing materials" such that Metronet can meaningfully defend itself. (Motion to Dismiss, Dkt No. 13 at 1, 8.) Metronet also demonstrated (without any refutation from Plaintiffs) that irrespective of what any advertisement did or did not say, Metronet advised Plaintiffs of the TAF prior to the installation of their internet service, when Plaintiffs could have chosen another internet provider. Nonetheless, Plaintiffs proceeded with installation of Metronet's internet service and have continued to contract with Metronet on a month-to-month basis (and to pay the TAF, without protest) even after filing this lawsuit.

Metronet's Motion to Dismiss is now fully briefed: Plaintiffs filed their response on October 29, 2024 (Dkt No. 21), and Metronet filed its reply on November 11, 2024 (Dkt No. 24).

On November 6, 2024, Plaintiffs served written discovery on Metronet. (*See* Dkt No. 25-1, Plaintiffs' First Set of Interrogatories; Dkt No. 25-2, Plaintiffs' First Set of Requests for Production.) Metronet's responses are due December 6, 2024.

Plaintiffs' written discovery requests are sweeping, and some are no-doubt designed to attempt to back-fill the Rule 9(b) pleading deficiency that Metronet identified in its Motion to Dismiss. For example, Plaintiffs request Metronet to produce for a six-year time period in every state in which Metronet does business "exemplar copies of all advertising and marketing documents concerning Metronet's internet services." (Dkt No. 25-2 at 5 (Request No. 6).) Further,

2

for each such advertisement or marketing document, Plaintiffs ask Metronet to "identify the time period it was in use; the method it was provided to consumers (mail, e-mail, website, social media, television, radio etc.), and its intended geographic reach." (Dkt No. 25-1 at 4 (Interrogatory No. 4).)

In other words, as Metronet warned in its Reply in Support of Motion to Dismiss (Dkt No. 24 at 4), Plaintiffs seek to use the discovery process to force Metronet to defend every single advertisement or marketing statement it has made over the last six years:

> Simply put, Plaintiffs have not put Metronet on adequate notice of their claims such that Metronet can meaningfully defend them. How exactly would Metronet defend against Plaintiffs' claims, as pled? By putting in front of this Court every single advertisement that ran during the class period – whether Plaintiffs claim to have seen them or not – and demonstrating that each disclosed the TAF? This is not how the federal pleading standard works, especially in a fraud case. If Plaintiffs can put a specific advertisement in front of this Court that they claim contains a misrepresentation, they are required to do so. Until and unless they do – and it is beyond dispute that they have not – their claims must be dismissed.

Other of Plaintiffs' written requests are equally as sweeping. By way of example, Plaintiffs seek:

- "[A]ll documents" reflecting the names, addresses, and account numbers of every member of the putative class, as well as the date the TAF was charged (Dkt No. 25-2 at 4 (Request No. 3)), as well as information about when each such person had their equipment serviced (Dkt No. 25-2 at 5 (Request No. 4)).

- "[A]ll Documents and Communications concerning the [TAF]." (Dkt No. 25-2 at 5 (Request No. 5).)

- Sensitive financial information, including "quarterly and annual revenue, margins, and net income during the Relevant Time Period, including, without limitation, your revenue, margins and net income, including, without limitation, your revenue, margins and net income from assessing [TAFs]." (Dkt No. 25-2 at 6 (Request No. 15).)

## ARGUMENT

A court may exercise its discretion to stay discovery while a motion to dismiss is pending. *See E.E.O.C. v. Fair Oaks Dairy Farms, LLC,* No. 2:11-cv-265, 2012 WL 3138108, at *2 (N.D. Ind. Aug. 1, 2012). A stay is appropriate during pendency of a motion to dismiss if that motion can properly resolve the case, the issue underlying the motion is a "threshold" issue, or when discovery is not necessary to defeat the motion. *See Soares v. Meeks*, No. 3:21-cv-00057-RLY-MPB, 2021 WL 5748438 (S.D. Ind. Oct. 04, 2021). To determine whether the stay should be granted, the court considers three factors: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether the stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Stokes v. Aging & In-Home Servs. of Ne. Indiana, Inc.*, 2009 WL 5177149, at *1 (N.D. Ind. 2009).

With regard to the first factor, a stay will not unduly prejudice or tactically disadvantage Plaintiffs. In *Soares v. Meeks*, this Court granted the defendants' motion to stay discovery during pendency of their motion to dismiss. 2021 WL 5748438 at *4-5. The defendants had moved to dismiss the plaintiff's First Amended Complaint for lack of subject matter jurisdiction, and the motion to dismiss was fully briefed and pending resolution. *Id.* at *2-4. After briefing, the plaintiff served discovery requests on the defendants, and the defendants moved to stay the case while their motion to dismiss was pending. *Id.* at *3-*4. In its reasoning for granting the stay, this Court determined the first factor favored defendants because plaintiff was not prejudiced when they were able to fully respond to defendants' motion to dismiss without any requests for leave to issue discovery to adequately respond to defendants' motion to dismiss, and the stay was only requested for the period before the resolution of the motion to dismiss. *Id.* As such, there was no undue prejudice on the plaintiff, so the first factor weighed in favor of a stay. *Id.* at *4.

4

That is the case here as well. Metronet's Motion to Dismiss is fully briefed without any request by Plaintiffs for leave to serve discovery. Also, like *Soares*, Metronet only seeks to stay discovery until a ruling on its motion to dismiss. As such, there is no undue prejudice to Plaintiffs. By contrast, Metronet will be significantly prejudiced if discovery proceeds, as it will need to interview potential witnesses or individuals with relevant information and collect and review documents for responsiveness and privilege – even though a ruling on the Motion to Dismiss could narrow or obviate the discovery.

Courts' analyses of the second factor (whether a stay will simplify the issues of the case) and the third factor (whether a stay would conserve party and judicial resources) overlap and are often analyzed together. Here, both factors support a finding in favor of granting Metronet's Motion to Stay.

In *Soares*, the Court determined the defendants' motion to dismiss pursuant to Rule 12(b)(6) "ha[d] the potential to eliminate the case in this court altogether or to narrow the claims that may proceed." *Id.* at *3. As a result, the issues for later discovery would be simplified if a stay were granted, "particularly because discovery has not started and Defendants' motion to dismiss is fully briefed." *Id.* The same is true here.

As for the third factor, Plaintiffs seek more than six years of documents on a wide array of topics, which would require Metronet to expend significant time and resources in responding. This effort will not be necessary if Metronet's Motion to Dismiss is granted.

The fact that Metronet moved to dismiss Plaintiffs' complaint in its entirety for failing to comply with Rule 9(b)'s heightened pleading requirements further supports the need for a stay. The purposes of Rule 9(b) are "to protect parties from reputational harm and minimize 'fishing expeditions,'" *Vital Proteins, LLC v. Ancient Brands, LLC*, No. 1:22-CV-02265, 2023 WL 5671857

(N.D. Ill. Sept. 1, 2023) (citing *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994)), and "'to eliminate the filing of a conclusory complaint as a pretext for using discovery to uncover wrongs.'" *Id.* (citing *U.S. ex rel. Obert-Hong v. Advoc. Health Care*, 211 F.Supp.2d 1045, 1049 (N.D. Ill. 2002)). Rule 9(b) requires a plaintiff to plead "the identity of the person making the misrepresentation, *the time, place, and content of the misrepresentation,* and the method by which the misrepresentation was communicated." *U.S. ex rel. Grenadyor v. Ukrainian Vill. Pharmacy, Inc.*, 772 F.3d 1102, 1106 (7th Cir. 2014) (emphasis added).

In *Vital Proteins, LLC v. Ancient Brands, LLC*, the court held that the plaintiff "raised sufficient questions regarding whether [the defendant] had pled its counterclaims in compliance with Rule 9(b)'s standard," which supported a stay. *Vital Proteins, LLC*, 2023 WL 5671857 at *6. There, plaintiff moved to dismiss the defendant's counterclaims of fraud, and subsequently, moved to stay discovery while their motion to dismiss was pending. *Id.* at *1. The court reasoned that the purpose of Rule 9(b), which is to prevent vague fraud claims made in the hope of uncovering actual evidence of fraud during discovery, would be undercut if the court permitted discovery during the pendency of a motion to dismiss. *Id.*; *see also U.S. ex rel. Grenadyor*, 772 F.3d at 1106.

That same reasoning applies here. Metronet has raised substantial questions as to the sufficiency of Plaintiffs' fraud-based claims under Rule 9(b), namely whether Plaintiffs' claims based on specific advertisements can proceed without Plaintiffs identifying the advertisements they claim to have seen and relied upon. Now, after Metronet has identified this pleading deficiency in its Motion to Dismiss, Plaintiffs attempt to obtain *all* advertisements from Metronet in a transparent attempt to back-fill this pleading deficiently. Allowing discovery at this stage would undercut the purpose of Rule 9(b) and permit a "fishing expedition" by Plaintiffs.

## **CONCLUSION**

For all these reasons, Metronet respectfully requests that the Court (i) stay all discovery until 28 days after the Court rules on the Motion to Dismiss; or, in the alternative (ii) extend the date to respond to the pending discovery until 28 days after this Court denies this Motion to Stay.

Dated: November 21, 2024                    Respectfully submitted,

                                                          By: *s/ Scott T. Schutte*
                                                            Scott T. Schutte
                                                            Spenser B. Jaenichen
                                                            **MORGAN, LEWIS & BOCKIUS LLP**
                                                           110 North Wacker Drive, Suite 2800
                                                           Chicago, IL 60606-1511
                                                           Phone: 312.324.1000/Fax: 312.324.1001
                                                           scott.schutte@morganlewis.com
                                                           spenser.jaenichen@morganlewis.com

                                                           *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

      I, Scott T. Schutte, an attorney, certify that I filed the foregoing Motion using the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record on this 21st day of November, 2024.

                                        *s/ Scott T. Schutte*
                                        Scott T. Schutte