UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JYOTI GAUTAM MURRAY and ALLEN PERRY, on behalf of themselves and all others similarly situated, </br></br> Plaintiffs, </br></br> v. </br></br> METRO FIBERNET, LLC d/b/a METRONET, </br></br> Defendant(s). | Case No. 3:24-cv-00131-MPPB-CSW |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S
<u>MOTION TO STAY DISCOVERY</u>**

<u>**INTRODUCTION**</u>

This putative class action concerns Defendant Metro Fibernet, LLC d/b/a Metronet ("Metronet") and its bait-and-switch advertising of its Fiber-Speed Internet Service (the "Internet Service"). Plaintiffs allege that Metronet misleads consumers by prominently advertising sham low prices for its Internet Service through various marketing channels, including on its website, in online promotions, mailing flyers, and billboards—and then covertly tacks on a mandatory Technology Services Fee ("TSF") on consumers' bills that steeply inflates the true cost of Metronet's Internet Service by up to 40%. *See generally*, Dkt. No. 1, Class Action Complaint ("Complaint" or Compl.) ¶¶ 15-16; 23-25. Plaintiffs allege claims for violation of the Indiana Deceptive Consumer Sales Act and unjust enrichment, as well as alternate claims for violations of the Minnesota Prevention of Consumer Fraud Act, the Minnesota Deceptive Trade Practices Act, and the Kentucky Consumer Protection Act. *See* Compl. Despite Plaintiffs' diligent efforts

1

to move the case forward, no discovery has been conducted. Metronet has now moved for a formal stay of discovery based on pending Motion to Dismiss. *See* Dkt. No. 29. The Motion should be denied.

As an initial matter, and as outlined in its opposition to Defendant's Motion to Dismiss, Metronet's Motion to Dismiss is not likely to succeed. Plaintiffs more than sufficiently describe "the who, what, when, where, and how" of Defendant's deceptive and misleading advertisements to put Metronet on notice of its fraudulent conduct, as required by Rule 9(b). *U.S. ex rel. Robinson v. Indiana Univ. Health Inc.*, No. 1:13-CV-02009-TWP, 2015 WL 3961221, at *2 (S.D. Ind. June 30, 2015); *Kahn v. Walmart Inc.*, 107 F.4th 585, 594 (7th Cir. 2024); *see also* Dkt. No. 21 at 4-8. But even if the Court were to disagree and grant the Motion, the Court should grant Plaintiffs leave to amend to cure any defects of pleading. Thus, this case is likely to proceed *regardless* of the outcome of the Motion to Dismiss and granting Defendant's Motion to Stay would only serve to unnecessarily delay the resolution of this case. And because this case involves protecting thousands of consumers from Defendant's deceptive and misleading advertising practices, the public's interest in moving this case towards swift resolution is significant and should not be delayed. Discovery should begin.

## BACKGROUND

Plaintiffs initiated this action by filing the Complaint on August 2, 2024. In its Motion to Dismiss, filed on September 23, 2024, and later a reply, filed on November 6, 2024, Metronet argues that Plaintiffs do not plead enough facts to meet the heightened pleading standard required by Rule 9(b). *See* Dkt. No. 14 at 6-9; Dkt. No. 24 at 2-4. Plaintiffs dispute this in their Opposition to Defendant's Motion to Dismiss, filed on October 29, 2024. *See* Dkt. No. 21 at 4-8. Plaintiffs served written discovery on Metronet on November 6, 2024. *See* Dkt. No. 25, Exs. 1

(Plaintiffs' First Set of Interrogatories), 2 (Plaintiffs' First Set of Requests For Production). Metronet's responses to these requests are due by December 6, 2024. However, on November 18, 2024, Metronet communicated to Plaintiffs' counsel its intention to file the instant motion to request a stay of discovery. Plaintiffs stated their opposition then and do so now.

## LEGAL STANDARD

Although this Court has inherent power to stay proceedings, it must balance Plaintiffs' and Defendant's competing interests and other relevant factors. *E.E.O.C. v. Fair Oaks Dairy Farms, LLC*, No. 2:11 CV 265, 2012 WL 3138108, at *2 (N.D. Ind. Aug. 1, 2012). Courts in this circuit use the following factors to assess whether a stay of discovery is warranted: (1) "whether the stay will prejudice the non-movant;" (2) "whether the stay will simplify the issues in the case;" and (3) "whether the stay will reduce the burden of litigation for the parties or the court." *U.S. ex rel. Robinson*, 2015 WL 3961221, at *1. A court must evaluate on a case-by-case basis whether a stay of discovery is appropriate. *Fair Oaks Dairy Farms, LLC.*, 2012 WL 3138108, at *2. The "filing of a motion to dismiss or for judgment on the pleadings certainly does not automatically warrant a stay of discovery, and in most instances such a stay is not appropriate." *U.S. ex rel. Robinson*, 2015 WL 3961221, at *8 (internal citation omitted). The moving party bears the burden of proof. *Red Barn Motors, Inc. v. Cox Enterprises, Inc.*, No. 114CV01589TWPDKL, 2016 WL 1731328, at *2 (S.D. Ind. May 2, 2016) (citing *Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009)). Here, each factor strongly favors denying Metronet's Motion.

## ARGUMENT

### A. A Stay Will Unduly Prejudice Plaintiffs

A stay will unduly prejudice Plaintiffs and delay resolution of this important case. Plaintiffs allege that Metronet systematically deceives thousands of consumers with misleading price representations which have gone unabated for years. Compl. ¶¶ 4, 26. Plaintiffs would be remiss not to immediately pursue the discovery necessary to prove their case. Indeed, the Court has set deadlines for discovery, dispositive motions, and trial.[1] Even a short stay of discovery will prejudice Plaintiffs and jeopardize the case management deadlines. *Red Barn Motors, Inc.*, 2016 WL 1731328, at *3; *Fair Oaks Dairy Farms, LLC*, 2012 WL 3138108, at *3. As a result, the delay impairs Plaintiffs' ability to prepare the case expeditiously. *U.S. ex rel. Robinson*, 2015 WL 3961221, at *6.

Moreover, discovery is particularly necessary here, where Metronet faults Plaintiffs for failing to attach to their Complaint the specific advertisements they relied on when deciding to switch to Metronet's Internet Service. While Plaintiffs describe the contents of the advertisements in requisite detail (including, most importantly, its failure to include the TSF in the advertised price), Metronet has moved to dismiss based on Plaintiffs' failure to attach the advertisements to the Complaint, which Metronet argues is required under Rule 9(b). *See* Dkt. No. 26 at 3. Plaintiffs disagree, but the dispute is easily avoidable with minimal discovery. While Plaintiffs have not retained copies of the advertisements, they are, no doubt, in the possession of

---

[1] Pursuant to this Court's order, non-expert discovery would close on June 6, 2025, expert discovery would close November 3, 2025, and dispositive motions would be due November 17, 2025. Dkt. No. 19 at 3, 6. Trial is set for April 2026. Dkt. No. 19 at 7.

4

Metronet.[2] By depriving Plaintiffs of the opportunity to conduct any discovery, Metronet seeks to hide the very evidence Metronet faults Plaintiffs for failing to possess. At bottom, secrecy will not save Metronet from its own misdeeds and its obfuscation should not be rewarded.

### B. The Stay Will Not Simplify Issues In The Case

"As a general matter, a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue such [as] standing, jurisdiction, or qualified immunity." *Red Barn Motors, Inc.*, 2016 WL 1731328, at *3; *U.S. ex rel. Robinson*, 2015 WL 3961221, at *7. Metronet raises no potentially dispositive threshold issue in its Motion to Dismiss and in fact, concedes the timeliness of certain claims. *See* Dkt. No. 21.

The basis of Metronet's Motion is that it believes Plaintiffs did not plead with enough particularity under Rule 9(b). But the moving party's speculation of its likelihood of success on the motion is not enough to warrant a stay of discovery.[3] *Red Barn Motors, Inc.*, 2016 WL 1731328, at *3. Moreover, as outlined in Plaintiffs' Opposition to Defendant's Motion To Dismiss, Metronet's Motion is unlikely to succeed. Plaintiffs' well-pled allegations more than meet the heightened pleading requirements of Rule 9(b). Indeed, consumer protection cases in this circuit are unlikely to be dismissed at this early stage of litigation *See e.g. Kahn*, 107 F.4th

---

[2] Metronet's argument that Plaintiffs are required to put forward a copy of the deceptive advertisement they relied on is not supported. Plaintiffs are not required to audit and record-keep in this way, particularly in consumer protection cases. *See Kahn,* 107 F.4th at 599.

[3] Metronet primarily relies on a single case, *Soares v. Meeks,* No. 3:21-cv-00057-RLY-MPB, 2021 WL 5748438 (S.D. Ind. Oct. 04, 2021*),* which is inapposite. Dkt. No. 26 at 4-5. Defendants in that case raised jurisdictional arguments in their Motion to Dismiss, the resolution of which would simplify and/or resolve the issues in the case. *Id.* at *3-*4. Metronet raises no such jurisdictional or threshold issue. Additionally, *Soares* was a personal real estate matter with little public interest. That is distinguishable from the significant public interest in the instant case, which involves allegations of a wide-spread and persistent bait-and-switch advertising scheme in violation of consumer protection laws across multiple states. Defendant's reliance on a second case, V*ital Proteins, LLC v. Ancient Brands*, LLC, No. 1:22-CV-02265, 2023 WL 5671857 (N.D. Ill. Sept. 1, 2023), a business dispute between two supplement companies, similarly lacks the weight of the public interest in a consumer protection case. Dkt. No. 26 at 6. In addition, the discovery requests in that case were far more sweeping and the court found that many of the allegations in that complaint were entirely unsupported. *Id.* at *4.

585 (reversing the dismissal of consumer protection claim); *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 739 (7th Cir. 2019) (same); *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 492 (7th Cir. 2020) (same).

Further, even if the Court were to disagree and grant the Motion to Dismiss, it would likely not end the case. Any "dismissal for failure to plead with particularity under Rule 9(b) should be without prejudice and with leave to re-plead." *U.S. ex rel. Robinson*, 2015 WL 3961221, at *4 (citing *Crichton v. Golden Rule Ins. Co.*, No. CIV.06–264–GPM, 2006 WL 2349961, at *4 (S.D.Ill. Aug.11, 2006)); *see also Cloverleaf Golf Course, Inc. v. FMC Corp.*, No. 11–CV–190–DRH, 2011 WL 2838178, at *4 (S.D.Ill. July 15, 2011) (stating that dismissal under 9(b) without an opportunity to amend the complaint is rare). Thus, even if the Court grants Defendant's Motion to Dismiss, Plaintiffs will likely have an opportunity to cure any insufficiencies in the Complaint and the case will progress. Delaying discovery would not simplify the issues in the case. It would serve only to unnecessarily delay the ultimate resolution of the case. The prevailing logic then dictates that the Motion to Stay be denied.

**C. The Stay Will Not Reduce the Burden Of Litigation For The Parties Or The Court**

Metronet fails to establish the burden it would face without a stay. "This showing typically requires affidavits or other evidence supporting a party's assertions of burden." *U.S. ex rel. Robinson*, 2015 WL 3961221, at *4–5. A generalized statement that it would be a burden to engage in discovery is not specific enough to justify a stay. Metronet "offer[s] no estimate regarding how much time or how much money will be expended, and [] offer[s] no analysis of why such amounts—if quantified—would be disproportionate to the extent of the alleged misconduct in this case. . . such speculation from Defendant['s] counsel—without any sort of substantiation—does not establish good cause for staying discovery." *U.S. ex rel. Robinson*,

6

2015 WL 3961221, at *4–5.[4] Defendant's statement that "Metronet will be significantly prejudiced if discovery proceeds, as it will need to interview potential witnesses or individuals with relevant information and collect and review documents for responsiveness and privilege" is not adequate to support an unjustifiable discovery burden on Defendant. Dkt. No. 26 at 5. Instead, the purported "burden" Metronet may experience from responding to discovery is, in reality, merely a burden typical of responding to discovery and does not outweigh the undue prejudice that will result from a stay.

Defendant also conflates the purposes of Rule 9(b) with avoidance of discovery, entitling it to a stay of normal course discovery. Defendant argues "allowing discovery at this stage would undercut the purpose of Rule 9(b) and permit a 'fishing expedition' by Plaintiffs." Dkt. No. 26 at 6. This argument fails. The complaint is not "glaringly deficient" or "completely wanting" such that Plaintiffs appear to seek a fishing expedition through discovery and offend Rule 9(b). *Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1328 (7th Cir.1994); *see also U.S. ex rel. Robinson*, 2015 WL 3961221, at *3. In contrast, Plaintiffs describe in extensive detail the deception they experienced in subscribing to Defendant's Internet Service. *See* Dkt. Nos. 1, 21 at 5-6. Their specific allegations more than meet the standard for 9(b). Thus, the proper channel for

---

[4] It is well settled in this circuit that Defendant must offer more than "unsupported statements of counsel in briefs" to meet its burden for a stay of discovery. *Red Barn Motors, Inc.*, 2016 WL 1731328, at *3; *see also Fair Oaks Dairy Farms*, 2012 WL 3138108, at *3 ("Dairy Farms has not pointed to a single discovery request that it alleges would be overly burdensome.... Dairy Farms simply states that the discovery would be burdensome and expensive without greater detail. The insufficiencies are fatal to its request."); *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum LLC,* No. 1:04–CV–477, 2007 WL 1164970, at *4 (N.D.Ind. Apr.18, 2007) (quotation omitted) ("[I]f a party is to resist discovery as unduly burdensome, it must adequately demonstrate the nature and extent of the claimed burden by making a specific showing as to how disclosure of the requested documents and information would be particularly burdensome."); *New England Carpenters Health & Welfare Fund v. Abbott Labs.,* No. 12 C 1662, 2013 WL 690613, at *3 (N.D. Ill. Feb. 20, 2013) ("[Defendant] provides no clear showing of its burden or cost with any anticipated discovery. Therefore, Defendants' motion to stay discovery is denied.") (citation omitted).

Defendant's discovery concerns is the meet and confer process, not a stay of discovery. *U.S. ex rel. Robinson*, 2015 WL 3961221, at *3.

Indeed, any potential burdens on Defendant at this point are speculative and should be negotiated through the meet and confer process. Plaintiffs are willing to work collaboratively with opposing counsel and Metronet to reduce discovery burdens by narrowing or amending discovery requests where reasonable. None of the items requested are especially burdensome to produce in the context of the allegations. While Plaintiffs will seek ESI, Plaintiffs are willing to cooperate with Metronet by entering into a mutually agreeable ESI protocol and ESI search terms to reduce the burden on Metronet. Accordingly, any purported issues with the breadth and burden of discovery are speculative at this point and does not warrant a stay of discovery. *U.S. ex rel. Robinson*, 2015 WL 3961221, at *5.

A stay would also prejudice this Court since it would likely have to revise the Case Management Order to amend discovery, dispositive motions, and trial deadlines. As discussed *supra*, rescheduling deadlines would not ameliorate the burden on Plaintiffs caused by further delay to this case. It also would prejudice the judicial system. "District courts have an important and inherent authority and obligation to control their calendars and ensure that litigation proceeds expeditiously." *U.S. ex rel. Robinson*, 2015 WL 3961221, at *6 (citing J*ames v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir.2005)); *see also* Fed.R.Civ.P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Defendant has not shown its burden would be so great without a stay that these effects are justified.

Furthermore, granting of a stay would have adverse effects far beyond this Court and would undermine clear and important public policy objectives. Courts frequently take into

account these kinds of societal interests before staying or restricting discovery. *U.S. ex rel. Robinson*, 2015 WL 3961221, at *6; *Fair Oaks Dairy Farms*, 2012 WL 3138108, at *2; *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Significant public interest in consumer protection cases like this one, where thousands of consumers are alleged to have been deceived and misled by Metronet's bait-and-switch internet advertising scheme, weighs strongly against granting Defendant's stay. Consumer protection laws were designed and specifically written to hold companies like Metronet accountable for their deceptive acts and practices through the judicial system's "truthseeking function." Compl. ¶¶ 59-103; *see also U.S. ex rel. Robinson*, 2015 WL 3961221, at *7. Staying discovery, therefore, would not just undermine the Court's management of this litigation, but also important public policy objectives.

In sum, a stay would not promote judicial economy or prevent Metronet's burden of participating in discovery. It would instead prejudice important societal interests and place an undue burden on Plaintiffs by impairing their ability to seek redress for Metronet's wrongful conduct and expeditiously resolve this case.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court deny Metronet's Motion to Stay Discovery Pending Ruling on Motion to Dismiss.

Date: December 5, 2024                                  Respectfully submitted,

                                                            */s/ Tyler B. Ewigleben*
Tyler B. Ewigleben, Bar No. 36450-49
Jennings PLLC
500 President Clinton Avenue, Suite 110
Little Rock, Arkansas 72201
Telephone: (317) 695-1712

tyler@jenningspllc.com

Sophia G. Gold (*pro hac vice*)
KalielGold PLLC
490 43rd Street, No. 122
Oakland, California 94609
Telephone: (202) 350-4783
sgold@kalielgold.com

*Attorney for Plaintiffs and the Putative Class*

## **CERTIFICATE OF SERVICE**

I certify that on December 5th, 2024, I electronically mailed the foregoing to all counsel of record.

　　　　　　　　　　　　　　　　　　　　　_/s/ Tyler B. Ewigleben_
　　　　　　　　　　　　　　　　　　　　　Tyler B. Ewigleben