UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JYOTI GAUTAM MURRAY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.: 3:24-cv-00131-MPB-CSW |
| | ) |
| METRO FIBERNET, LLC d/b/a METRONET, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO STAY**

This matter is before the Court on Defendant's *Motion to Stay Discovery Pending Ruling on Motion to Dismiss*. (Dkt. 25). For the reasons outlined below, the Court **DENIES IN PART AND GRANTS IN PART** Defendant's *Motion*.

I. **BACKGROUND**

On August 2, 2024, Plaintiffs filed their *Class Action Complaint*, alleging that Defendant has routinely deceived consumers by artificially inflating the true cost of its provided internet service. (Dkt. 1). Defendants filed a *Motion to Dismiss* on September 23, 2024, and briefing on the issue concluded on November 6, 2024. (Dkt. 13, 24). Defendant now requests the Court stay all discovery until twenty-eight days (28) days after it issues a ruling on the pending *Motion to Dismiss*, (Dkt. 13), or, in the alternative, to extend the deadline for Defendant to respond to Plaintiff's discovery requests by twenty-eight (28) days following the issuance of a denial to the instant *Motion*. Plaintiff has filed a response in opposition to the request to stay discovery.

II. **DISCUSSION**

Parties to a civil suit have no absolute right to a stay. *U.S. ex rel. Robinson v. Indiana Univ. Health Inc.*, 2015 WL 3961221, at *1 (S.D. Ind. June 30, 2015). Instead, district courts have "extremely broad discretion in controlling discovery[,]"

and therefore can elect to stay discovery "through an exercise of [their] inherent authority to manage litigation or through [their] authority under Federal Rule of Civil Procedure 26(c)." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013); *U.S. ex rel. Robinson*, 2015 WL 3961221, at *1. The Court may order a stay when good cause exists, and the party seeking a stay "bears the burden of proof to show that the Court should exercise its discretion in staying the case[.]" *Cloverleaf Golf Course, Inc. v. FMC Corp.*, 2011 WL 2838178, at *2 (S.D. Ill. July 15, 2011) (citing *Indiana State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009)). However, courts in this district generally disfavor stays of discovery "because they bring resolution of the dispute to a standstill." *Red Barn Motors, Inc. v. Cox Enterprises, Inc.*, 2016 WL 1731328, at *3 (S.D. Ind. May 2, 2016) (citation omitted).

To determine whether good cause exists for a stay in this district, courts apply a three factor test: (1) will a stay unduly prejudice or tactically disadvantage the non-moving party; (2) will a stay simplify the issues in question and streamline the trial; and (3) will a stay reduce the burden of litigation on the parties and the Court. *Indianapolis Racquet Club, Inc. v. Cincinnati Ins. Co.*, No. 1:22-cv-00471-JPH-DLP, 2022 WL 17513570, at *1 (S.D. Ind. 2022); *Irving Materials, Inc. v. Zurich Am. Ins. Co.*, No. 1:03-cv-0361-SEB-TAB, 2008 WL 1971468, at *2 (S.D. Ind. May 5, 2008). In its analysis of these factors also, courts have "extremely broad discretion." *U.S. ex rel. Robinson*, 2015 WL 3961221, at *1.

In the instant *Motion*, Defendant first contends that good cause exists to stay discovery because Plaintiffs did not request leave for discovery prior to responding to the *Motion to Dismiss*—therefore, it is presumed that they will be not prejudiced by a stay. Defendant points to *Soares v. Meeks* in support of this claim. However, the crucial difference between the present facts and those in *Soares* is that the court in *Soares* had not yet set deadlines for discovery, dispositive motions, or trial. *Soares v. Meeks*, 2021 WL 5748438, at *3 (S.D. Ind. Oct. 4, 2021). That is not the case here wherein the Order on Case Management setting the schedule for case management was entered on October 18, 2024. (Dkt. 19, 22). Thus, the parties are

currently under deadlines established by the Court. Parties are expected to continue to develop the case, even while a potentially dispositive motion is pending. Thus, this factor weighs against granting the requested stay.

Next, Defendants assert that any issues for later discovery would be simplified after a ruling on the *Motion to Dismiss*, and that Rule 9(b) exists to prevent parties from having to bear an unreasonable burden of litigation associated with a 'fishing expedition' for evidence to support unsubstantiated claims. This same issue was presented in *U.S. ex rel. Robinson v. Indiana Univ. Health Inc.*, and there, the Court explained as follows:

> The Court appreciates the desire to avoid unnecessary discovery battles, but this desire typically justifies granting a stay only where a motion to dismiss raises 'threshold' issues such as standing, jurisdiction, or qualified immunity … Such issues may, in some cases, justify granting a stay, but this is because a defect such as lack of jurisdiction affirmatively demonstrates that a case 'can go nowhere.' Here, in contrast, Defendants have not raised such 'threshold' issues. Their motions to dismiss may raise issues that could be dispositive, but the issues are 'not as straightforward as the 'typical' threshold issues so as to be susceptible to an early motion to dismiss.' This, in turn, makes it less obvious that the motions to dismiss will be granted, such that it is also less likely that any discovery that occurs will actually be superfluous.

*U.S. ex rel. Robinson*, 2015 WL 3961221, at *7 (citations omitted). The grounds upon which Defendant seeks dismissal in this case are also not threshold issues. Therefore, the Court finds no basis to depart from this reasoning.

### III.  CONCLUSION

Therefore, for the reasons outlined above, the Court **DENIES** Defendant's request for a stay of discovery. However, the Court **GRANTS** Defendant's request for an extension of time to respond to Plaintiff's discovery requests. The Court hereby **ORDERS** that Defendants shall have up to and including **January 10, 2025**, to so respond.

**SO ORDERED.**

Date:  December 6, 2024

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

**Distributed electronically to all ECF-registered counsel of record.**