**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | | |
|---|---|---|
| JYOTI GAUTAM MURRAY and ALLEN PERRY on behalf of themselves and all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | No. 3:24-cv-00131-MPB-CSW |
| v. | ) ) | |
| | ) | |
| METRO FIBERNET, LLC d/b/a METRONET, | ) ) ) | |
| | ) | |
| Defendant. | | |

**DEFENDANT'S OBJECTION**
**TO MAGISTRATE JUDGE'S APRIL 8, 2025 DISCOVERY ORDER**

Pursuant to Federal Rule of Civil Procedure 72(a), Defendant Metro Fibernet, LLC ("Metronet") respectfully objects to Magistrate Judge Wildeman's April 8, 2025 Order on Discovery (Dkt 39) because, in light of this Court's Order on Metronet's Motion to Dismiss (Dkt 41), the advertising and marketing materials at issue are no longer relevant.

On April 8, 2025, Judge Wildeman issued an Order (the "April 8 Order") on three discovery issues, only one of which is at issue in this Objection.[1] The disputed issue concerns the production of Metronet's advertisements pursuant to Plaintiff's Request for Production No. 6 ("RFP 6"). RFP 6, as written, asked Metronet to produce "exemplar copies of all advertising and marketing documents concerning Metronet's internet services, and Communications regarding the same." *See* Plaintiffs' First Set of Requests for Production, Request No. 6 (attached hereto as **Exhibit A**). Metronet objected, and Judge Wildeman agreed that RFP 6 was "overly broad as to

---

[1] One issue was resolved in favor of Metronet, and Metronet has complied with Judge Wildeman's ruling on the other issue.

time and geographic scope" and improperly "unlimited." However, Judge Wildeman ordered Plaintiffs to revise the Request to include advertisements from "(1) the community in which Plaintiff Murray lived, from August 28, 2021, to August 28, 2022, and (2) the community in which Plaintiff Perry lived, from April 2023 to April 2024." (Dkt 39.)

On April 18, 2025 (four days before the deadline to appeal the April 8 Order), this Court ruled on Metronet's Motion to Dismiss, specifically granting Metronet's motion as to Plaintiffs' fraud-based advertising claims. (Dkt 41 at 5.) This Court explained that "only [Plaintiffs] would know where [they were] exposed to Metronet's allegedly deceiving advertisements[,]" so pleading reliance on an allegedly deceptive advertisement upon "information and belief" was insufficient to meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"). *Id.* With this ruling, the Court dismissed Plaintiffs' advertisement-based claims, and therefore, extinguished any relevance of Metronet's advertising.

It is Metronet's position that a requirement to produce advertisements when the advertisements are no longer at issue is clearly erroneous and contrary to law. As such, Metronet objects to Judge Wildeman's April 8 Order as to the production of advertisements.

## FACTUAL AND PROCEDURAL BACKGROUND

Named Plaintiffs Jyoti Gautam Murray and Allen Perry have brought this putative class action against Metronet alleging that Plaintiffs signed up for Metronet internet service based on pricing representations made by Metronet in "advertising and marketing materials" that failed to disclose a monthly Technology Services Fee or Tech Assure Fee ("TAF"). However, although Plaintiffs contend they relied upon Metronet's representations made in "advertising and marketing materials" in signing up for its internet service, neither Plaintiff identified a single advertisement

that does not disclose the TAF, and pleaded only on "information and belief" that they had seen and relied on Metronet advertising.  *See* Cmplt ¶¶ 30, 31, 32, 39, 40, 41.

On September 23, 2024, Metronet moved to dismiss Plaintiffs' Complaint for several reasons, including, in part, that Plaintiffs failed to meet the heightened pleading standards under Federal Rule of Civil Procedure 9(b).

In the midst of Motion to Dismiss briefing, this Court entered a Case Management Plan (Dkt 19) under which "non-expert witness discovery and discovery relating to liability issues shall be completed by June 6, 2025" (*id.* at IV.C).

Based on this deadline, even while Metronet's Motion to Dismiss was fully briefed, the Parties engaged in written discovery, including serving document requests, interrogatories, and requests for admission. The Parties, however, were unable to reach an agreement on certain discovery issues, for which they requested a conference with Judge Wildeman. The issue relevant to this objection was whether Metronet must produce "exemplar copies of all advertising and marketing documents concerning Metronet's internet services, and Communications regarding the same" and whether Plaintiffs can refuse to meaningfully respond to Metronet's interrogatory asking Plaintiffs to "[i]dentify each of the 'advertisements and marketing materials' referenced in Paragraphs 30-32 [or, for Plaintiff Perry, Paragraphs 39-41] of the Complaint" and for each, "identify (a) the date on which You claim that You first saw the 'advertisements and marketing materials'; and (b) each representation that was contained in the 'advertisements and marketing materials,' including but not limited to any representations about the pricing of internet service." (the "Advertisement Issue"). *See* Ex. A*; see also* Metronet's First Set of Interrogatories, Interrogatory No. 2 (attached hereto as **Exhibit B**). Metronet objected to RFP 6 on the grounds

that it was not proper for Plaintiffs to seek production of advertisements from Metronet when they could not identify the advertisements they had seen, and also because the request was overly broad.

After the discovery conference took place on April 3, 2025, Judge Wildeman issued an order on April 8, 2025. (Dkt 39.) Metronet's objections related to the Advertisement Issue were sustained because, as drafted, it is overly broad as to time and geographic scope, making the request seemingly unlimited. *Id*. at 2. However, Judge Wildeman ordered Metronet to produce exemplar copies of all advertising and marketing documents concerning Metronet's internet service in Rochester, Minnesota from August 28, 2021 to August 28, 2022, and Louisville, Kentucky from April 2023 to April 2024. *Id*. at 3-4.

Shortly thereafter, on April 18, 2025, this Court granted in part Metronet's Motion to Dismiss, holding that Plaintiffs' pleading of reliance on an unidentified advertisement made upon "information and belief" does not satisfy Rule 9(b) because "only [Plaintiffs] would know where [they were] exposed to Metronet's allegedly deceiving advertisements." (Dkt 41 at 5.) With this ruling, the Court dismissed Plaintiffs' fraud-based advertising claims, making Plaintiffs' unjust enrichment claim – which is wholly unrelated to Metronet's advertisements and marketing materials – the only issue currently remaining in this case.

The Parties conferenced with Judge Wildeman again on April 22, 2025. Metronet re-raised the issue of proceeding with discovery in light of the Motion to Dismiss ruling, arguing that it should not have to produce advertisements when the advertisement-based claims have been dismissed.  Judge Wildeman kept the April 8 Order in place, requiring Metronet to file this objection.

# ARGUMENT

## A.    Standard of Review

Pursuant to Federal Rule of Civil Procedure 72(a), a district court "must consider timely objections" to a magistrate judge's order on a nondispositive matter and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A ruling is "clearly erroneous" if "the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Pain Center of SE Indiana, LLC v. Origin Healthcare Solutions, LLC,* 2014 WL 6674757, *2 (S.D. Ind. 2014) (internal citations omitted). "[I]f the merits of a substantive issue affecting the relevancy of a discovery request are sufficiently clear, a court may proceed to rule on discovery issues in reliance thereon." *Union Carbide Corp. v. State Bd. of Tax Com'rs of State of Ind.*, 161 F.R.D. 359, 366 (S.D. Ind. 1993). "Most discovery orders become moot in the course of the proceeding in which they are issued[.]" *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 32 F.3d 1175, 1177 (7th Cir. 1994).

## B.    The April 8 Order on Discovery Matters is Clearly Erroneous and Contrary to Law Based on This Court's April 18 Order Dismissing the Advertisement-Based Claims.

In light of the Court's ruling on Metronet's Motion to Dismiss, the Advertisement Issue is moot, and enforcement of the April 8 Order would upset the purposes of Rule 9(b). As cited in the Court's Order on Metronet's Motion to Dismiss, "[t]o satisfy the requirement of Rule 9(b), a plaintiff pleading fraud must state 'the identity of the person who made the misrepresentation, the time, place, and content of the misrepresentation, and ***the method by which the misrepresentation was communicated to the plaintiff***.'" (Dkt 41 at 3) (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) (internal citations omitted) (emphasis added)). Further, this

5

Court explained that "Rule 9(b) requires that a plaintiff pleading fraud must state 'the who, what, when, ***where***, and how: the first paragraph of any newspaper story.'" *Id.* (citing *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (emphasis added)). The Court disposed of Plaintiffs' fraud-based advertising claims under Rule 9(b) and Rule 12(b)(6) because Plaintiffs failed to sufficiently plead the "where," thereby rendering discovery as to the allegedly deceptive advertisement irrelevant. *Id.* at 5 ("Since the 'where' the alleged fraud took place is within Murray and Perry's knowledge and control, it is perplexing that Plaintiffs presented their allegations '[u]pon information and belief.'").

Allowing discovery to proceed on contested issues considering the Court's Order on Metronet's Motion to Dismiss would frustrate the purposes of Rule 9(b) by allowing Plaintiffs to engage in a fishing expedition to address their pleading deficiencies, which were insufficiently made upon "information and belief." (Dkt 41 at 5); *see also Vital Proteins, LLC v. Ancient Brands, LLC*, No. 1:22-CV-02265, 2023 WL 5671857 (N.D. Ill. Sept 1, 2023) (the purposes of Rule 9(b) are "to protect parties from reputational harm and minimize fishing expeditions[.]" (internal citations omitted)). Unless and until Plaintiffs file an amended complaint with a well-pled, fraud-based, advertising claim, Metronet should not be required to produce any advertisements.  If left unaltered, the April 8 Order would require Metronet to disclose ***all*** advertisements, regardless of the "where," before Plaintiffs are required to specify upon what channel they allegedly relied, which would unjustly allow Plaintiffs to search for an allegedly deficient "where" to amend their complaint regardless of whether or not it was the "where" upon which they actually relied. Thus, the enforcement of the April 8 Order is "contrary to law" because it "misapplies . . . rules of procedure" – specifically, Rule 9(b). *Pain Center of SE Indiana, LLC,* 2014 WL 6674757, *2.

Further, the April 8 Order became "clearly erroneous" in light of the Court's ruling on Metronet's Motion to Dismiss. The enforcement of the April 8 Order would require Metronet to produce advertisements that are no longer at issue in this case. The Order's enforcement is the type of "definite and firm conviction" that demonstrates "a mistake has been made" because, although advertisements were at issue at the time of the April 8 Order, this Court has mooted any discovery as to advertisements by striking Plaintiffs' fraud-based advertising claims. *See Weeks*, 126 F.3d at 943. There is no question that forcing Metronet to sift through and produce advertisements at this stage of litigation would be unduly burdensome, given that any advertisements that would be produced are irrelevant to Plaintiffs' surviving unjust enrichment claim following the Court's Order dismissing the advertisement-based claims.

The fact that this Court allowed Plaintiffs' unjust enrichment claim to proceed for now does not change the conclusion. Put simply, Plaintiffs' unjust enrichment claim will stand or fall on its own and in no way depends on Metronet's advertising.[2]

## <u>CONCLUSION</u>

For the foregoing reasons, Metronet respectfully submits that this Court should sustain Metronet's objection and reverse or overrule Judge Wildeman's April 8, 2025 Order.

---

[2] Metronet suspects that Plaintiffs may argue that the advertisements are the basis of the unjust enrichment claim, *i.e.* that Metronet was unjustly enriched based on fraudulent advertisements. However, that argument not only would constitute an improper end-run around Rule 9(b) by labeling a claim as an unjust enrichment claim, but also would put the Plaintiffs at risk of having their entire lawsuit thrown out because of the same pleading deficiencies this Court identified in its Motion to Dismiss Ruling.

Date: April 22, 2025                    By:  /s/ *Scott T. Schutte*

Scott T. Schutte
Spenser B. Jaenichen
Allison R. Heil
**MORGAN LEWIS & BOCKIUS LLP**
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Phone: 312.324.1000/Fax: 312.324.1001
scott.scutte@morganlewis.com
Spenser.jaenichen@morganlewis.com
allison.heil@morganlewis.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I, Scott T. Schutte, an attorney, certify that I filed the foregoing Motion using the Court's

ECF system, which will cause a true and correct copy of the same to be served electronically on

all ECF-registered counsel of record on this 22nd day of April 2025.

/s/ *Scott T. Schutte*
Scott T. Schutte