UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JYOTI GAUTAM MURRAY and ALLEN PERRY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>METRO FIBERNET, LLC d/b/a METRONET,<br><br>Defendant. | No. 3:24-cv-00131-MPB-CSW |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION
TO MAGISTRATE JUDGE'S APRIL 8, 2025 DISCOVERY ORDER**

Defendant Metro Fibernet, LLC's ("Metronet") objection to Magistrate Judge Crystal S. Wildeman's April 8, 2025 Minute Order (Dkt. No. 39) is the third time Metronet has attempted to evade its discovery obligations in this case. First, Metronet filed a motion to stay discovery in the case, which the Court denied. *See* Dkt. No. 29. Second, Metronet unilaterally refused to produce relevant documents, forcing Plaintiffs to seek a discovery conference with Magistrate Judge Wildeman, after which Judge Wildeman held Metronet would be required to immediately produce a subset of the documents Plaintiffs sought. *See* Dkt. No. 39. Now, Metronet refuses to comply with Judge Wildeman's Minute Order, filing an Objection instead (Dkt. No. 42) and further indicating via e-mail its unsupported view that "discovery [should] be on hold." *See* Declaration of Sophia Gold ("Gold Decl."), Ex. 1. In so doing, Metronet has flouted the procedure laid out by Judge Wildeman. If Metronet was dissatisfied with Judge Wildeman's Order, the appropriate next step was further briefing submitted to Judge Wildeman—not this Objection. In any event,

regardless of which judge adjudicates the present dispute, the bottom line remains the same: Metronet should be forced to participate in the discovery process in good faith, and its gamesmanship must end. The Objection should be overruled.

I. **Background**

Plaintiffs, on behalf of themselves and all similarly situated consumers, filed this lawsuit challenging Metronet's deceptive bait-and-switch advertising of its Fiber-Speed Internet Service (the "Internet Service") on August 2, 2024. Plaintiffs allege that Metronet misleads consumers by prominently advertising sham low prices for its Internet Service through various marketing channels—including on its website, in online promotions, mailing flyers, and billboards—and then covertly tacking on a mandatory Technology Services Fee ("TSF") on consumers' bills that steeply inflates the true cost of Metronet's Internet Service by up to 40%. *See generally*, Dkt. No. 1, Class Action Complaint ("Compl.") ¶¶ 15-16; 23-25. As such, Metronet's price advertisements are false. Metronet's Internet Service does not cost $29.95 (as advertised to Plaintiff Perry) or $49.95 (as advertised to Plaintiff Murray). Instead, the true cost of Metronet's Internet Service is actually the advertised low-price plus the mandatory TSF. *Id*. ¶ 23. Plaintiffs' Complaint brings claims against Metronet for Violation of the Indiana Deceptive Consumer Sales Act, Ind. Code § 24-5-0.5-1, et seq.; Alternative Claim for Violation of the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68, *et seq*.; Alternative Claim for Relief for Violation of the Minnesota Deceptive Trade Practices Act Minn. Stat. § 325D.44, *et seq*; Alternative Claim for Relief for Violation of the Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. § 367.110, *et seq*.; and Unjust Enrichment.

Metronet filed a Motion to Dismiss Plaintiffs' Complaint on September 23, 2024. Dkt. No. 13. Plaintiffs served written discovery requests on Metronet on November 6, 2024 which, *inter alia*, sought relevant advertising and marketing documents for Plaintiffs and the putative class. *See*

Motion, Exhibit A at Request for Production ("RFP") No. 6. Shortly thereafter, Metronet filed a Motion to Stay Discovery on November 21, 2024 (Dkt. No. 25), which the Court subsequently denied. Dkt. No. 29. Once Metronet responded to Plaintiffs' discovery requests, Plaintiffs' counsel promptly conferred with Metronet's counsel regarding deficiencies in Metronet's responses as well as potential conflicts regarding the production of relevant documents. These conferrals made clear that Metronet was refusing to produce highly relevant documents. As a result of Metronet's refusal to produce this relevant discovery, Plaintiffs sought a discovery conference with Magistrate Judge Wildeman. Following that conference, on April 8, 2025, Judge Wildeman entered a Minute Order compelling Metronet to produce documents responsive to RFP No. 6, as revised by the Court as follows:

> Produce exemplar copies of all advertising and marketing documents concerning Metronet's internet services in: (1) the community in which Plaintiff Murray lived, from August 28, 2021, to August 28, 2022, and (2) the community in which Plaintiff Perry lived, from April 2023 to April 2024.

Dkt. No. 39, pp. 3-4. Because the Order was entered without briefing from either side, Judge Wildeman's Order compelling Metronet to produce certain advertisements also granted the Parties leave "to pursue motions practice on any of the above-identified discovery dispute items, to the extent they believe further authorities and/or argument would be determinative." *Id*., p. 5. To date, Metronet has not pursued motion practice before Judge Wildeman as instructed.

On April 18, 2025, the Court granted Metronet's Motion to Dismiss Plaintiffs' fraud-based claims and denied Metronet's Motion to Dismiss Plaintiffs' unjust enrichment claim. Dkt. No. 41. With respect to the fraud-based claims, the Court largely rejected many of Metronet's arguments as insufficient to secure dismissal at the pleadings stage, and further instructed Plaintiffs to re-plead the "where" of the fraud pursuant to Rule 9(b). *See* Dkt. No. 41, pp. 4-6 (Stating that "[f]acts elucidating the 'where,' however, are less precise" and that "[t]he caveat to the general rule that a

3

plaintiff cannot satisfy the particularity requirement of Rule(b) with allegations made 'upon information and belief' does not apply here"). The Court's Order provided Plaintiffs leave to file an Amended Complaint by May 15, 2025 to address this pleading deficiency (*id*. p. 9) and Plaintiffs have informed Metronet that they intend to submit their Amended Complaint on time.

## II. Legal Standard

Under Rule 26(b)(1), discovery can be ordered of "any nonprivileged matter that is relevant to any party's claim." F.R.C.P. 26(b)(1). "[M]agistrate and district courts enjoy extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013).

Rule 72(a) provides that, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The clear error standard means the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). This is an "extremely deferential standard of review." *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (citing *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). In conducting this review, the Court does not ask whether the finding is the best or only permissible conclusion, nor does it substitute its own conclusions for the magistrate judge's. *Herz v. Diocese of Fort Wayne-S. Bend, Inc.*, No. 1:12-cv-122 RM, 2012 WL 3870528, at *1 (N.D. Ind. Sept. 5, 2012). "A respect for this standard is important, given the pivotal role that magistrate judges play in overseeing the conduct of the sort of complex pretrial discovery typified by this case." *Gargiulo v. Baystate Health Inc.*, 279 F.R.D. 62, 64 (D. Mass. 2012).

### III. Argument

#### A. The Advertisements Metronet Is Compelled to Produce Are Relevant to Plaintiffs' Claims.

Despite their obvious relevance, and despite Judge Wildeman's determination that "Defendant's advertising efforts [] are relevant to Plaintiffs' claims," Metronet refuses to produce any advertisements in response to Judge Wildeman's revised definition of Plaintiffs' RFP No. 6. *See* Dkt. No. 39, p. 3. Exemplar copies of advertising and marketing documents go to the very heart of this litigation–Plaintiffs allege the advertising and marketing documents used by Metronet mislead consumers into participating in the bait-and-switch scheme at the center of this case. Advertisements are relevant both to Plaintiffs' fraud-based claims, which Plaintiffs will re-plead, and to Plaintiffs' surviving unjust enrichment claim. Indeed, with respect to unjust enrichment, Metronet's advertisements are plainly relevant. Unjust enrichment requires demonstrating that a "defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Guerrero v. Howard Bank,* 74 F.4th 816, 823-24 (7th Cir. 2023). It is therefore hard to conceive of a scenario in which there could be a trial on Plaintiffs' unjust enrichment claim where Metronet's marketing is not submitted as evidence of either "just" or "unjust" "enrichment." Indeed, as Judge Wildeman noted, "such information is relevant to the defenses" because "[o]ne of Defendant's contentions is that the fee at issue in this case was disclosed in advertising." Dkt. No. 39, p. 3. By refusing to produce such evidence, Metronet is seeking to hide the very evidence that it will likely use in filing a dispositive motion or at trial. The prejudice to Plaintiffs in refusing to produce these documents is obvious.

Moreover, with respect to Plaintiffs' fraud-based claims, the Court has provided Plaintiffs with specific instructions concerning how to amend the Complaint in a manner that will enable

5

Plaintiffs' claims to survive a motion to dismiss. *See* Dkt. No. 41, pp. 4-5. And again, there is no doubt that the advertisements Metronet disseminated are relevant to whether they were deceived by Metronet's marketing. The mere fact that Plaintiffs are in the process of amending is no reason to pause or suspend discovery that Judge Wildeman has already ordered.

Finally, burden is no defense to production, either. Judge Wildeman has reduced any burden to Metronet by limiting the production of advertisements and marketing materials to only the communities that Plaintiffs lived in during a brief one-year period, Metronet has no viable explanation for why it continues to refuse to produce these highly relevant documents.[1] Further, at the most recent hearing with Judge Wildeman, Metronet's counsel admitted that it had already collected and was prepared to produce the advertisements and marketing materials, but was simply choosing not to. The Objection should be overruled.

### B. Metronet's Objection is Procedurally Improper.

Additionally, Judge Wildeman's Minute Order compelling Metronet to produce certain advertisements was not a final order such that filing a Rule 72 objection is not appropriate. Specifically, Judge Wildeman issued her Minute Order without briefing and gave the parties leave to pursue further motion practice regarding their discovery dispute. Dkt. No. 39, p. 5. That is precisely what Metronet should have done if it disagreed with Judge Wildeman's Order. Instead, Metronet ran afoul of the Magistrate's instructions and burdened this Court with a needless discovery issue.

---

[1] Plaintiffs reserve their right to seek production of the advertising and marketing materials provided to *all* putative class members, as such documents are highly relevant to the "predominance" inquiry that will be made at class certification. In any event, given Judge Wildeman's notation that her ruling was based on the "current procedural status of the case," Plaintiffs trust that they will be allowed to seek such documents at the appropriate stage of discovery. *See* Dkt. No. 39, p. 5.

Indeed, Judge Wildeman also indicated that her order was in the context of the procedural posture of the case, and the parties have regular status conferences to discuss that posture and how it affects discovery. *Id*. At bottom, this is not a final objectionable order as required by Rule 72(a) and Metronet should be required to submit briefing to Judge Wildeman, as is laid out her Minute Order, prior to appealing to the district court judge.

Finally, even if the objection were procedurally proper (which it is not), a magistrate judge's order may only be set aside if it is "clearly erroneous or [is] contrary to law." Judge Wildeman's order is neither of those. Instead, Judge Wildeman carefully considered the interest of the parties and modified Plaintiffs' request for Defendants' advertisements and marketing documents accordingly. Thus, the Court is not left with a "definite and firm conviction that a mistake has been [committed]" by Magistrate Judge Wildeman. *Weeks*, 126 F.3d at 943.

### IV.   CONCLUSION.

For the foregoing reasons, the Court should overrule Metronet's objection and compel Metronet to produce exemplar copies of all advertising and marketing documents concerning Metronet's internet services in: (1) the community in which Plaintiff Murray lived, from August 28, 2021, to August 28, 2022, and (2) the community in which Plaintiff Perry lived, from April 2023 to April 2024. In the alternative, the Court should order Metronet to conduct discovery briefing before Magistrate Judge Wildeman, as Judge Wildeman ordered the parties to do in her Minute Order.

Dated: May 6, 2025                          Respectfully submitted,

                                            */s/ Tyler B. Ewigleben*
                                            Tyler B. Ewigleben, Bar No. 36450-49
                                            Jennings & Earley PLLC
                                            500 President Clinton Avenue, Suite 110
                                            Little Rock, Arkansas 72201

Telephone: (317) 695-1712
Email: tyler@jefirm.com

Sophia G. Gold (*pro hac vice*)
KalielGold PLLC
490 43rd Street, No. 122
Oakland, California 94609
Telephone: (202) 350-478
Email: sgold@kalielgold.com

*Attorneys for Plaintiffs and the Putative Class*

## **CERTIFICATE OF SERVICE**

I, Tyler B. Ewigleben, an attorney, certify that I caused a true and correct copy of the foregoing be served electronically on all ECF-registered counsel of record on this May 6, 2025.

*/s/ Tyler B. Ewigleben*
Tyler B. Ewigleben