**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | | |
|---|---|---|
| JYOTI GAUTAM MURRAY and ALLEN PERRY on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) ) | No. 3:24-cv-00131-MPB-CSW |
| METRO FIBERNET, LLC d/b/a METRONET, | ) ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS OBJECTION**
**TO MAGISTRATE JUDGE'S APRIL 8, 2025 DISCOVERY ORDER**

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 7(c)(3)(B), Defendant

Metro Fibernet, LLC ("Metronet") submits this Reply in support of its Objection to Magistrate

Judge Wildeman's April 8, 2025 Order on Discovery (Dkt 39) (hereinafter "April 8 Order")

because, in light of this Court's Order on Metronet's Motion to Dismiss (Dkt 41), the advertising

and marketing materials at issue are no longer relevant.

**ARGUMENT**

**A.    Metronet's Objection is Ripe for Review.**

In their Opposition, Plaintiffs argue that Metronet's Objection to Judge Wildeman's April

8 Order is procedurally improper because it was not a final order under Rule 72. However, that

argument can be rejected out of hand because of the language of the April 8 Order itself:

> While styled as a minute entry, and in the interest of addressing direct inquires [sic] of counsel at the conclusion of the conference, the forgoing constitutes an order of the Court.

April 8 Order at 5.  This statement alone makes clear that Judge Wildeman's April 8 Order is an order subject to objection under Rule 72 of the Federal Rules of Civil Procedure.

Plaintiffs also cite the fact that Judge Wildeman recognized that there could be other discovery disputes in the future, and the April 8 Order is not binding on such disputes.  *Id.* However, the mere fact that there may be *future* discovery disputes that may alter the bounds of discovery does not preclude Metronet's *present* right to object to the April 8 Order. Any interpretation to the contrary would strip Metronet from obtaining any relief under Rule 72 related to any discovery issue at any time throughout the duration of discovery.

Finally, it bears emphasizing that while Plaintiffs argue here that the April 8 Order is provisional and not subject to objection under Rule 72, they have at the same time suggested to Judge Wildeman that Metronet could be sanctioned for failure to comply with the April 8 Order. (Dkt 45 at 1-2.)  Plaintiffs cannot have it both ways, *i.e.* they cannot oppose a Rule 72 objection to the April 8 Order as not final while at the same time suggesting that Metronet could be sanctioned for not abiding by the April 8 Order.

**B.    The Advertisements Metronet Was Compelled to Produce Are No Longer Relevant to Plaintiffs' Claims.**

Plaintiffs set forth three arguments to support their claim that the allegedly deceptive advertisements are still relevant, despite this Court dismissing all of Plaintiffs' advertising-based fraud claims.

First, Plaintiffs argue that the advertisements are relevant to both their fraud-based and unjust enrichment claims because it is "hard to conceive of a scenario in which there could be a trial on Plaintiffs' unjust enrichment claim where Metronet's marketing is not submitted as evidence of either 'just' or 'unjust' enrichment." (Dkt 44 at 5.) This is not so. The fraud-based advertising claims have been dismissed, and discovery into those claims is not relevant and

therefore improper at this juncture. Further, the core issue of their unjust enrichment claim is whether Plaintiffs received any benefit from paying the TAF – an issue wholly unrelated to Metronet's advertisements.

Second, Plaintiffs argued that the Court has provided them with "specific instructions concerning how to amend the Complaint in a manner that will enable Plaintiffs' claims to survive a motion to dismiss" and the "mere fact that Plaintiffs are in the process of amending is no reason to pause or suspend discovery." (Dkt 44 at 5-6.) Plaintiffs' interpretation of the Court's Order is misplaced. While the Court dismissed Plaintiffs' fraud-based advertising claims, the Order by no means provided "specific instructions," and Plaintiffs' *assumption* that any amendments to their Complaint will permit their fraud-based advertising claims to proceed does not provide a basis for discovery on causes of action that were dismissed on April 18, 2025.

Third, Plaintiffs argue that Judge Wildeman has already reduced Metronet's burden by limiting the scope of advertisements Metronet needed to produce, and that Metronet has failed to provide any "viable explanation" for its continued refusal. (Dkt 44 at 6.) The "viable explanation" (as Metronet demonstrated in its Objection to the April 8 Order) is that Metronet's advertisements are not presently relevant because there are no fraud-based advertising claims pending before this Court. Rather, the core issue of the remaining unjust enrichment claim is whether Plaintiffs received any benefit from paying the TAF – an issue wholly unrelated to Metronet's advertisements. Indeed, if forced to comply with the April 8 Order when there are no advertising claims currently in this case, Metronet would be prejudiced because Plaintiffs would try to reverse-engineer a fraud-based advertising claim that they thus far have not been able to plead. Such an approach is not sanctioned by federal pleading rules.

## CONCLUSION

For the foregoing reasons, Metronet respectfully submits that this Court should sustain Metronet's objection and reverse or overrule Judge Wildeman's April 8, 2025 Order.

Date: May 13, 2025
By:  /s/ *Scott T. Schutte*

Scott T. Schutte
Spenser B. Jaenichen
Allison R. Heil
**MORGAN LEWIS & BOCKIUS LLP**
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Phone: 312.324.1000/Fax: 312.324.1001
scott.scutte@morganlewis.com
spenser.jaenichen@morganlewis.com
allison.heil@morganlewis.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I, Scott T. Schutte, an attorney, certify that I filed the foregoing Reply using the Court's

ECF system, which will cause a true and correct copy of the same to be served electronically on

all ECF-registered counsel of record on this 13th day of May 2025.


/s/ *Scott T. Schutte*
Scott T. Schutte