UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JYOTI GAUTAM MURRAY, ALLEN PERRY, and EMANUEL GOLD on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br> vs.<br><br>METRO FIBERNET, LLC d/b/a METRONET,<br><br>   Defendant. | No. 3:24-cv-00131-MPB-CSW |

**METRONET'S BRIEF IN SUPPORT OF PLAINTIFFS'
MOTION TO MAINTAIN DOCUMENTS UNDER SEAL**

Pursuant to Local Rule 5-11, Defendant Metro Fibernet, LLC ("Metronet") submits this Brief in Support of Plaintiffs' Motion to Maintain Documents Under Seal (Dkt No. 48). In support of this Motion, Metronet states as follows:

1. The documents at issue in this Motion are consumer complaints submitted to the Federal Communication Commission ("FCC"), the Better Business Bureau ("BBB") and state attorney generals, and Metronet's responses thereto (the "Consumer Complaints") that Plaintiffs attached to their Amended Complaint as Exhibit A (Dkt No. 47-1).

2. The Consumer Complaints were produced under objection during discovery and were designated by Metronet as "Confidential" under the Protective Order entered on February 10, 2025 (Dkt No. 36).

3. Metronet maintains that the Consumer Complaints are not relevant to Plaintiffs' claims and intend to file a motion on or before May 29, 2025 (when Metronet's responsive pleading is due) seeking to strike the Consumer Complaints as "immaterial, impertinent, or scandalous matter" under Federal Rule of Civil Procedure 12(f).

4. All counsel have equal access to the Consumer Complaints, and maintaining the documents under seal prejudices no party.

5. Public access to these documents as produced in discovery would reveal identifying information as to the internal employees of Metronet, the FCC, the BBB, and state attorney generals' offices. Public access to these documents further reveals internal recordkeeping practices of Metronet, and the manner in which such records are received and maintained.

6. The names of the persons submitting the Consumer Complaints were redacted in the versions of the documents produced during discovery. However, even if the identifying information described in Paragraph 5 above also is redacted, the complaints themselves, and Metronet's responses thereto, serve no purpose other than to embarrass Metronet and do not have a tendency to make any fact alleged in the Amended Complaint more or less probable than it would be without the Consumer Complaints. *See* FRE 401.

7. Any harm that could conceivably be claimed to exist is outweighed by the interest of Metronet in maintaining the confidentiality of the documents in question.

8. Metronet understands that Plaintiffs oppose the maintenance of the documents under seal.

9. Accordingly, Metronet respectfully requests that this Court maintains Exhibit A under seal. A proposed order is attached herewith, consistent with Local Rule 5-11(3)(4).

[SIGNATURE PAGE TO FOLLOW]

Dated: May 29, 2025                          Respectfully submitted,

By: <u>s/ *Scott T. Schutte*</u>
    Scott T. Schutte
    Spenser B. Jaenichen
    Allison R. Heil
    **MORGAN, LEWIS & BOCKIUS LLP**
    110 North Wacker Drive, Suite 2800
    Chicago, IL 60606-1511
    Phone: 312.324.1000/Fax: 312.324.1001
    scott.schutte@morganlewis.com
    spenser.jaenichen@morganlewis.com
    allison.heil@morganlewis.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

      I, Scott T. Schutte, an attorney, certify that I filed the foregoing Brief in Support using the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record on this 29th day of May, 2025.

                                              s/ *Scott T. Schutte*
                                              Scott T. Schutte