UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JYOTI GAUTAM MURRAY, ALLEN PERRY, and EMANUEL GOLD on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>METRO FIBERNET, LLC d/b/a METRONET,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   No. 3:24-cv-00131-MPB-CSW<br>)<br>)<br>)<br>)<br>)<br>) |

**METRONET'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE,
TO STRIKE CERTAIN ALLEGATIONS IN THE AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Metro Fibernet, LLC d/b/a Metronet ("Metronet") respectfully moves this Court for an Order dismissing Plaintiffs' Amended Complaint (Dkt No. 47), or, in the alternative, moves pursuant to Federal Rule of Civil Procedure 12(f) to strike Paragraph 65 and Exhibit A from the Amended Complaint. The bases for Metronet's Motion (more fully described in the contemporaneously filed Memorandum in Support) are as follows:

1. Plaintiff Gold fails to state a claim because the advertisements he set forth in the Amended Complaint show that he was put on notice of the monthly "Tech Assure Fee."

2. Plaintiffs Murray and Perry fail to meet the heightened pleading requirement for fraud-based claims enumerated in Rule 9(b) of the Federal Rules of Civil Procedure.

3. Plaintiffs' claims are barred by the voluntary payment doctrine because each Plaintiff knowingly and voluntarily continued to pay Metronet the monthly "Tech Assure Fee" after learning of the fee without protest.

4. Plaintiff Murray's Indiana-law claim is barred by the statute of limitations.

5. Plaintiffs' claims alleging unjust enrichment must be dismissed because there is an express contract between Metronet and each Plaintiff.

6. Plaintiffs' negligent misrepresentation claim fails because the alleged misrepresentations were those of fact and not provided as a professional opinion.

7. In the alternative, Paragraph 65 and Exhibit A of Plaintiffs' Amended Complaint should be stricken because they each include allegations that are immaterial and scandalous.

8. In further support of its Motion, Metronet incorporates the following exhibits filed herewith:

   a. Exhibit 1, Terms and Conditions and Additional Terms of Service Addendum;

   b. Exhibit 2, Murray Summary Email;

   c. Exhibit 3, Murray Installation Confirmation;

   d. Exhibit 4, Murray First Invoice;

   e. Exhibit 5, Perry Summary Email;

   f. Exhibit 6, Perry Installation Confirmation;

   g. Exhibit 7, Perry First Invoice; and

   h. Exhibit 8, Gold (Isakov) First Invoice.

WHEREFORE, Metronet respectfully requests that the Court grant its Motion to Dismiss and enter an Order dismissing Plaintiffs' Amended Complaint, or, in the alternative, strike Paragraph 65 and Exhibit A of Plaintiffs' Amended Complaint.

Dated: May 29, 2025        Respectfully submitted,

                           By: s/ *Scott T. Schutte*

Case 3:24-cv-00131-MPB-CSW   Document 52   Filed 05/29/25   Page 3 of 4 PageID #: 424

Scott T. Schutte
Spenser B. Jaenichen
Allison R. Heil
**MORGAN, LEWIS & BOCKIUS LLP**
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Phone: 312.324.1000/Fax: 312.324.1001
scott.schutte@morganlewis.com
spenser.jaenichen@morganlewis.com
allison.heil@morganlewis.com

*Counsel for Defendant*

3

## CERTIFICATE OF SERVICE

  I, Scott T. Schutte, an attorney, certify that I filed the foregoing Motion using the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record on this 29th day of May, 2025.

              s/ *Scott T. Schutte*
              Scott T. Schutte