UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JYOTI GAUTAM MURRAY, ALLEN PERRY, and EMANUEL GOLD on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>METRO FIBERNET, LLC d/b/a METRONET,<br><br>Defendant. | No. 3:24-cv-00131-MPB-CSW |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STAY DISCOVERY PENDING RULING
ON MOTION TO DISMISS AMENDED COMPLAINT**

Defendant Metro Fibernet, LLC ("Metronet") respectfully moves this Court for an Order staying all discovery pending resolution of Metronet's Motion to Dismiss Plaintiffs' Amended Class Action Complaint (Dkt Nos. 52, 53.)

**BACKGROUND**

On August 2, 2024, Named Plaintiffs Jyoti Gautam Murray and Allen Perry brought this putative class action against Metronet alleging that each signed up for Metronet's internet service based on pricing representations made by Metronet in its "advertising and marketing materials" that failed to disclose its monthly Tech Assure Fee ("TAF"). On September 23, 2024, Metronet filed its Motion to Dismiss Plaintiffs' Complaint. (Dkt No. 13.) On October 18, 2024, this Court entered the Case Management Plan submitted by the Parties, setting the deadlines for fact discovery, post-discovery motions, and tentative trial dates. ("Case Management Order," Dkt No. 19.) On November 11, 2024, Metronet's Motion to Dismiss was fully briefed. (Dkt Nos. 21 and 24.)

In light of its fully briefed Motion to Dismiss, on November 21, 2024, Metronet moved to stay discovery because:

- A stay would not unduly prejudice or tactically disadvantage Plaintiffs because the Motion to Dismiss was fully briefed without the need for discovery;

- A ruling in Metronet's favor on the Motion to Dismiss could narrow or eliminate the need for certain discovery (which it did); and

- Permitting discovery to proceed would undercut the purpose of Rule 9(b) and permit a "fishing expedition" by Plaintiffs (which it did).

(Dkt No. 25.)

On December 6, 2024, the Court denied Metronet's Motion to Stay, distinguishing Judge Brookman's opinion in *Soares v. Meeks*, 2021 WL 5748438 (S.D. Ind. Oct. 04, 2021) because (unlike *Soares*) there were already "deadlines for discovery, dispositive motions, [and] trial" in place, and the "Parties are expected to continue to develop the case, even while a potentially dispositive motion is pending." (Dkt No. 29 at 2 (the "December 6 Order").) Accordingly, Metronet proceeded with discovery pursuant to the December 6 Order.

Then, after four months of written discovery, more than a half dozen meet-and-confers between the Parties, the production of hundreds of pages of documents, and one conference with the Court that resulted in a final discovery order (Dkt No. 29), Judge Brookman granted Metronet's Motion to Dismiss in large part, and dismissed Plaintiffs' fraud-based claims, with leave to amend, leaving only an unjust enrichment claim. (Dkt No. 41) ("Motion to Dismiss Order".)

Plaintiffs have been inconsistent with how they characterized the scope of the Motion to Dismiss Order. On one hand, they downplay the Motion to Dismiss Order (inaccurately, from Metronet's perspective) as merely "provid[ing] Plaintiffs with specific instructions [on] how to amend the Complaint in a manner that will enable Plaintiffs' claims to survive a motion to dismiss." (Dkt No. 44.) Indeed, in a filing in a lawsuit brought by the same lawyers against a Metronet

2

affiliate in Texas on the same legal theory, Plaintiffs were even more dismissive in a "supplemental authority" filing, referring to the Motion to Dismiss Order as providing "leave to amend to fix a *minor defect in the pleading*." Plaintiff's Notice of Filing Supplemental Authority in Support Of Opposition to Defendant's Motion to Dismiss Amended Complaint, *LaCrue v. Vexus Fiber, LLC*, No. 3:24-cv-02842-L (N.D. Tex. Apr. 22, 2025), Dkt No. 25 at 1 (emphasis added). For clarity, Metronet disagrees with Plaintiffs' suggestion that the Court's issues with its original complaint were merely minor. Rather, the Court correctly recognized the serious deficiencies in their claims such that they were appropriately dismissed.

Despite downplaying the scope of their loss on the Motion to Dismiss, on May 15, 2025, Plaintiffs took a different tack when they filed their Amended Complaint, making sweeping amendments[1] that expand the scope of the lawsuit and undoubtedly will require a new case management order:

- They added a new Plaintiff, who – unlike the prior Named Plaintiffs – identified the advertisements on which his claim depends (*see* Dkt No. 47 at ¶¶ 53-64);

- They added a new claim for negligent misrepresentation (*id.* at ¶¶ 124-135); and

- They brazenly used materials they received during discovery taken in connection with their now-dismissed original Complaint in a futile attempt to bolster their claim (*id.* at Ex. A).

As set forth in Metronet's Motion to Dismiss Amended Complaint, and notwithstanding the sweeping overhaul of their claims, the Amended Complaint still suffers from many of the same pleading deficiencies that riddled the original complaint. And, it is ever worse for Plaintiffs in one significant respect: the Amended Complaint's "failure to disclose" theory fails on its face with

---

[1] To illustrate the scope of the amendment, Metronet is attaching at Tab A a redline comparison of the Amended Complaint against the original Complaint.

3

respect to new Named Plaintiff Gold, who allegedly relied on a flyer that specifically discloses that the pricing offered is subject to additional "taxes and fees." Accordingly, Metronet filed a Motion to Dismiss on May 29, 2025. (Dkt Nos. 52-53.)

## ARGUMENT

A court may exercise its discretion to stay discovery while a motion to dismiss is pending. *See Soares,* 2021 WL 5748438 at *2 (S.D. Ind. Oct. 04, 2021). "A stay is appropriate where the motion to dismiss can resolve the case, where ongoing discovery is unlikely to produce facts necessary to defeat the motion, *or* where the motion raises a potentially dispositive threshold issue, such as a challenge to plaintiff's standing." *Nexstar Broadcasting, Inc. v. Granite Broadcasting Corp.*, 2011 WL 434532, at *2 (N.D. Ind. 2011) (emphasis added) (demonstrating that one of three reasons must apply, not all three). To determine whether the stay should be granted, courts should consider three factors: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether the stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Stokes v. Aging & In-Home Servs. of Ne. Indiana, Inc.*, 2009 WL 5177149, at *1 (N.D. Ind. 2009).

With regard to the first factor, a stay will not unduly prejudice or tactically disadvantage Plaintiffs, particularly in light of the discovery that has already been conducted. In *Soares v. Meeks*, Judge Brookman granted the defendant's motion to stay discovery during pendency of their motion to dismiss. 2021 WL 5748438 at *4-5. The defendants moved to dismiss the plaintiff's first amended complaint for lack of subject matter jurisdiction, and the motion to dismiss was fully briefed and pending resolution. *Id.* at *2-4. After briefing, the plaintiff served discovery requests on the defendants, and defendants moved to stay the case while their motion to dismiss was pending. *Id.* at *3-4. In his reasoning for granting the stay, Judge Brookman determined the first factor favored defendant because plaintiff was not prejudiced when they were able to fully respond

4

to defendants' motion to dismiss without any requests for leave to issue discovery to adequately respond to defendant's motion to dismiss, and the stay was only requested for the period before the resolution of the motion to dismiss. *Id.* As such, there was no undue prejudice on the plaintiff, so the first factor weighed in favor of a stay. *Id.* at *4.

In the December 6 Order, the Court distinguished *Soares*, stating that, in *Soares*, the court "had not yet set deadlines for discovery, dispositive motions, or trial," which was "not the case here wherein the Order on Case Management setting the schedule for case management was entered on October 18, 2024." (Dkt No. 29 at 2). However, the rationale in *Soares* is directly on point at the present juncture. Despite the Parties having *already* conducted discovery in this matter, the June 6, 2025 close of fact discovery is not feasible in light of Judge Brookman's Motion to Dismiss Order and Plaintiffs' sweeping Amended Complaint filed on May 15, 2025 (Dkt No. 47). Stated another way, there is effectively no longer a realistic case management order in place, so the dispositive fact in the December 6 Order no longer exists. Further, Plaintiffs will be fully able to respond to Metronet's Motion to Dismiss without the need for additional discovery. As such, the first factor weighs in favor of staying discovery.

Courts' analyses of the second factor (whether a stay will simplify the issues of the case) and the third factor (whether a stay would conserve party and judicial resources) overlap and are often analyzed together. Here, both factors support a finding in favor of granting Metronet's motion to stay. In *Soares*, Judge Brookman determined the defendant's motion to dismiss pursuant to Rule 12(b)(6) "ha[d] the potential to eliminate the case in this court altogether or to narrow the claims that may proceed." *Id.* at *3. As demonstrated by the Court's April 18 Order dismissing Plaintiffs' fraud-based claims (Dkt No. 41), the same is true here, as many of the same pleading deficiencies present in Plaintiffs' Complaint remain in the Amended Complaint. First, Plaintiff Gold's attached

advertisement demonstrates that Metronet did, in fact, disclose the TAF in its advertisement when stating "[u]se of Metronet's fiber services and all promotional rates are **subject to Customer's compliance with Metronet's Terms of Service**,"[2] and "[o]ffers do not include taxes and fees." (Dkt No. 47, ¶¶ 55, 57) (emphasis added). As Metronet established in its original Motion to Dismiss (Dkt No. 14), the Terms of Use to which Named Plaintiffs Murry and Perry agreed include the TAF, and Metronet presented similar facts relating to new Named Plaintiff Gold (Dkt No. 53). Second, despite amending their allegations, Plaintiff Murray and Plaintiff Perry have failed to include adequate information to allow their fraud-based claims to proceed. (*Compare* Dkt No. 1, ¶ 31, *with* Dkt No. 47 ¶ 37); *see* Dkt No. 47, ¶ 46 (alleging Plaintiff Perry was exposed to the advertisement over a fourth-month period)). In short, despite its expanded scope, with respect to Plaintiffs Perry and Murray there is nothing more than a regurgitation of the same allegations present in the initial Complaint, which formed the bases of this Court's dismissal of their fraud-based claims. Third, all three Plaintiffs were made aware of the TAF when they signed up for Metronet's internet service, yet continued to pay for over *three years* as to Plaintiff Murray, *two years* as to Plaintiff Gold, and *one year* as to Plaintiff Perry, *who continues to do so to this day*. Each of the issues present in Plaintiffs' Amended Complaint are likely to dispose of the matter in its entirety, thus warranting a stay of discovery.

       As for the third factor, Plaintiffs seek more than six years of documents on a wide array of topics, which would require Metronet to expend significantly *more* time and resources in responding than it already has. This effort will not be necessary if Metronet's Motion to Dismiss is granted again, even if only in part.

---

[2] *See* Tab B § 9, Metronet's Terms of Services (detailing the Tech Assure Fee).

The fact that Metronet moved to dismiss Plaintiffs' complaint in its entirety for failing to comply with Rule 9(b)'s heightened pleading requirements with respect to Named Plaintiffs Murray and Perry further supports the need for a stay. The purposes of Rule 9(b) are "to protect parties from reputational harm and minimize 'fishing expeditions,'" and "'to eliminate the filing of a conclusory complaint as a pretext for using discovery to uncover wrongs.'" *Vital Proteins, LLC v. Ancient Brands, LLC*, 2023 WL 5671857, at *6 (N.D. Ill. Sept. 1, 2023) (citations omitted). Rule 9(b) requires a plaintiff to plead "the identity of the person making the misrepresentation, *the time, place, and content of the misrepresentation,* and the method by which the misrepresentation was communicated." *U.S. ex rel. Grenadyor v. Ukrainian Vill. Pharmacy, Inc.*, 772 F.3d 1102, 1106 (7th Cir. 2014) (emphasis added).

In *Vital Proteins, LLC v. Ancient Brands, LLC*, the court held that the plaintiff "raised sufficient questions regarding whether [the defendant] had pled its counterclaims in compliance with Rule 9(b)'s standard," which supported a stay. *Vital Proteins, LLC*, 2023 WL 5671857 at *6. There, plaintiff moved to dismiss the defendant's counterclaims of fraud, and subsequently, moved to stay discovery while their motion to dismiss was pending. *Id.* at *1. The court reasoned that the purpose of Rule 9(b), which is to prevent vague fraud claims made in the hope of uncovering actual evidence of fraud during discovery, would be undercut if the court permitted discovery during the pendency of a motion to dismiss. *Id.*; *see also U.S. ex rel. Grenadyor*, 772 F.3d at 1106.

Metronet raised substantial questions as to the sufficiency of Plaintiffs' fraud-based claims under Rule 9(b), namely whether Named Plaintiffs Murray's and Perry's claims based on specific advertisements can proceed without identifying the advertisements they claim to have seen and relied upon, which this Court has already dismissed previously, and whether the Voluntary Payment Doctrine prohibits Plaintiffs from seeking recovery. Nothing in Plaintiffs' Amended

7

Complaint suggests that Plaintiffs' claims will survive Metronet's Motion to Dismiss, and each Plaintiff voluntarily paid the TAF for years. And, consistent with the cautions presented in Metronet's opening Motion to Stay (Dkt No. 26 at 6), Plaintiffs' attachment of documents produced during discovery in its Amended Complaint squarely showcase that continuing with discovery would amount to nothing more than a fishing expedition on behalf of the Plaintiffs. (Dkt No. 47-1).

Further, in the December 6 Order, the Court cited to *U.S. ex rel. Robinson v. Indiana Univ. Health Inc.*, finding "the grounds upon which [Metronet] seeks dismissal in this case are…not threshold issues" and denied the motion. (Dkt No. 29 (citing *U.S. ex rel. Robinson v. Indiana Univ. Health, Inc.*, 2015 WL 3961221, at *7 (S.D. Ind. June 30, 2015)). However, in *Robinson*, the Court denied a stay in discovery because the case had already "been pending for more than eighteen months," departing from a number of cases that found in the alternative. *Id.* at *6-7. For example, in *Liotine*, "the court was able to ameliorate the prejudice to [the parties] by adjusting the case deadlines to accommodate a stay," *id.* at *8, so the parties had "adequate time for discovery after the motion to dismiss is ruled on," *U.S. ex rel. Liotine v. CDW-Gov't, Inc.*, 2009 WL 720958, at *2 (S.D. Ill. Mar. 18, 2009). Here, this case is less than 10 months old, and Metronet's Motion to Dismiss was pending for approximately six months before the Court granted it in part, dismissing Plaintiffs' fraud-based claims. And, the Parties and the Court agree that the deadlines set forth in the Case Management Plan are unfeasible, thus presenting the opportunity to set new deadlines in this matter.

## CONCLUSION

For the reasons set forth above, Metronet respectfully requests that the Court stay all discovery until 28 days after the Court rules on Metronet's Motion to Dismiss.

Dated: June 2, 2025

Respectfully submitted,

By: s/ Scott T. Schutte
Scott T. Schutte
Spenser B. Jaenichen
Allison R. Heil
**MORGAN, LEWIS & BOCKIUS LLP**
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Phone: 312.324.1000/Fax: 312.324.1001
scott.schutte@morganlewis.com
spenser.jaenichen@morganlewis.com
allison.heil@morganlewis.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

      I, Scott T. Schutte, an attorney, certify that I filed the foregoing Motion using the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record on this 2nd day June, 2025.

                                                        *s/ Scott T. Schutte*
                                                        Scott T. Schutte