UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JYOTI GAUTAM MURRAY on behalf of themselves and all others similarly situated, ALLEN PERRY on behalf of themselves and all others similarly situated, EMANUEL GOLD On behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> METRO FIBERNET, LLC d/b/a METRONET, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) No. 3:24-cv-00131-MPB-CSW ) ) ) ) ) |

**ORDER ON DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S DISCOVERY ORDER**

Before the Court is Defendant Metro Fibernet, LLC d/b/a Metronet's Objection, (Docket No. 42), to the Magistrate's Discovery Order, (Docket No. 39). For the reasons that follow, Defendant's Objection, (Docket No. 42), is **OVERRULED**.

**I.    Background**

On April 8, 2025, Magistrate Judge Wildeman issued an Order, (Docket No. 39), directing Defendant to produce copies "of all advertising and marketing documents concerning Metronet's internet services in: (1) the community in which Plaintiff Murray lived . . . and (2) the community in which Plaintiff Perry lived[.]" (*Id*. at ECF pp. 3–4). About ten days later, the Court issued an Order granting in part and denying in part Defendant's Motion to Dismiss, (Docket No. 41). Specifically, the Order dismissed Plaintiffs' fraud claims because they were not stated with sufficient particularity under Rule 9(b). Defendant thereafter filed an Objection to the Magistrate's Discovery Order, (Docket No. 42), arguing that in light of the Court's Order

dismissing Plaintiffs' fraud claims, Defendant's advertising and marketing materials are irrelevant.

During a status conference in late April, Defendant re-raised the production issue resolved in the Magistrate Judge's Discovery Order, but the Magistrate Judge kept the Discovery Order in place. Now before the Court is Defendant Objection to the Magistrate Judge's Discovery Order, (Docket No. 42).

## II.     Standard

The standard of review for a magistrate judge's decision "varies depending on whether the matter was dispositive." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). Dispositive matters are reviewed de novo. *Id.*; Fed. R. Civ. P. 72(b), while non-dispositive matters are reviewed far more deferentially. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). Review for a non-dispositive decision sustains an objection only if the decision is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). Clearly erroneous means that the district court is left with a "definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943. Contrary to law means that the decision "fail[ed] to apply or misapplie[d] relevant statutes, case law, or rules of procedure." *Pain Ctrs. of Se. Ind., LLC v. Origin Healthcare Sols., LLC*, No. 1:13-cv-00133, 2014 WL 6674757, at *2 (S.D. Ind. Nov. 25, 2014). Non-dispositive matters include "[d]iscovery-related decisions made by the magistrate judge." *Weeks*, 126 F.3d at 943.

## III.    Discussion

In support of its Objection, Defendant contends that the Discovery Order has become "clearly erroneous" in light of this Court's ruling on Defendant's Motion to Dismiss. Enforcing the Discovery Order, Defendant argues, "would require Metronet to produce advertisements that

2

are no longer at issue in this case." (Docket No. 42 at ECF p. 7). Not quite. The Court's Order granted Plaintiffs leave to file an amended complaint, (*see* Docket No. 41 at ECF p. 9), which Plaintiffs have done, (Docket No. 47). Additionally, Plaintiffs' claim for unjust enrichment survived Defendant's Motion to Dismiss, (Docket No. 41 at ECF pp. 8–9).[1] The ongoing relevance of Defendant's advertising and marketing materials was correctly noted by the Magistrate Judge in her Discovery Order:

> Request No. 6 seeks to learn of Defendant's advertising efforts, which are relevant to Plaintiffs' claims. Additionally, such information is relevant to the defenses. One of Defendant's contentions is that the fee at issue in this case was disclosed in advertising. Therefore, advertising discovery is "relevant to any party's claim or defense" and—if limited to the named Plaintiffs at this juncture—proportional to the needs of the case.

(Docket No. 39 at ECF p. 3). While Plaintiffs' initial request was overbroad, (*see id*. at ECF p. 2), its scope was limited to avoid any undue burden to Defendant. (*Id*. at ECF pp. 3–4) (ordering Defendant to produce copies of all advertising and marketing documents concerning the communities in which Plaintiffs lived). Because the Magistrate Judge's Discovery Order was neither "clearly erroneous" nor "contrary to law," Fed. R. Civ. P. 72(a), Defendant's Objection, (Docket No. 42), is **OVERRULED** and the Court **AFFIRMS** the Magistrate Judge's Discovery Order, (Docket No. 39).

    **IT IS SO ORDERED**.

Dated:  June 6, 2025

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

---

[1] Plaintiffs also included a negligent misrepresentation claim in their Amended Complaint. (*See* Docket No. 47 at ECF p. 32).

Served electronically on all ECF-registered counsel.