**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| JYOTI GAUTAM MURRAY, ALLEN PERRY, and EMANUEL GOLD on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>METRO FIBERNET, LLC d/b/a METRONET,<br><br>    Defendant. | Case No. 3:24-cv-00131-MPPB-CSW |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S RESPONSE TO MOTION TO MAINTAIN DOCUMENTS UNDER SEAL**

Plaintiffs Jyoti Gautam Murray, Allen Perry, and Emanuel Gold by and through their counsel, submit this Memorandum in Opposition to Defendant's Brief in Support of Plaintiffs' Motion to Maintain Documents Under Seal (Dk. No. 51), and state as follows:

"Generally, pretrial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings." *Star Sci., Inc. v. Carter*, 204 F.R.D. 410, 413 (S.D. Ind. 2001) (internal citations removed). The only exception is in the case of a protectable trade secret, where good cause exists. *Bridgestone Americas Holding, Inc. v. Mayberry*, 878 N.E.2d 189, 193 (Ind. 2007). Importantly, a trade secret is not determined by fiat. Instead, a trade secret is information that "(1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are

1

reasonable under the circumstances to maintain its secrecy." *Badger Daylighting Corp. v. Rutherford*, No. 1:24-CV-00912-TWP-TAB, 2025 WL 961481, at *7 (S.D. Ind. Mar. 31, 2025) (citing Ind. Code § 24-2-3-2); *see also* 18 U.S.C. § 1839(3)(A). Trade secrets are a subset of "commercially valuable information" that "derive[] economic value" and are "subject to efforts to maintain secrecy." *Id.* at *7-*8. (*citing IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 581, 583 (7th Cir. 2002)). Any business seeking trade secret protection "must show that the information sought is a 'trade secret or other confidential research, development, or commercial information' and that disclosure would be harmful." *Bridgestone Americas Holding, Inc.*, 878 N.E.2d at 193 (Ind. 2007).

Metronet has failed to meet its burden of demonstrating that the information it seeks to seal is commercially or economically valuable in any way such that "disclosure would be harmful" on this record. *Badger Daylighting Corp.*, 2025 WL 961481, at *7-*8; *Bridgestone Americas Holding, Inc*, 878 N.E.2d at 193.

Specifically, Metronet seeks to seal consumer complaints to various public agencies, including the Federal Communications Commission, Indiana Attorney General, Indiana Utility Regulatory Commission, Minnesota Attorney General, Illinois Commerce Commission, Iowa Attorney General, Kentucky Attorney General, Michigan Attorney General, and the Ohio Attorney General. *see* Dk. No. 47-1 ("Consumer Complaints"). Because these are consumer complaints provided to public agencies, each document is publicly available via a FOIA request. *See* 5 U.S.C. § 552; *Standard Register Co. v. Cleaver,* 30 F.Supp.2d 1084 (N.D.Ind.1998) (concluding in the context of a motion for a preliminary injunction that plaintiff's customer list was not a trade secret where the content was readily ascertainable and plaintiff failed to take any reasonable efforts to maintain its secrecy). Further, each and every one of the consumer complaints are already

redacted for personally identifiable information. Therefore, there is no basis to mark these documents as "Confidential" and seal them.[1]

Metronet lays out two alleged bases for sealing. First, according to Metronet, the Consumer Complaints at issue here are not relevant to Plaintiffs' claims. *See* Dk. No. 51 ¶¶ 4, 6. Second, Defendant alleges that "identifying information" and "internal recordkeeping practices" would be revealed and somehow would be damaging to Metronet. *See* Dk. No. 51 ¶¶ 5, 6. Neither basis supports sealing.

First, with respect to relevance, this is not a proper basis to seal a document. Metronet cites to no case law to support such a position. *See Star Sci., Inc. v. Carter*, 204 F.R.D. at 413. In any event, the documents are relevant. The Consumer Complaints make similar accusations to the allegations in the Complaint insofar as they all concern Metronet's systematic bait-and-switch scheme of misrepresenting the price of its internet service and then automatically adding on a mandatory and deceptively named "Technology Services Fee" (the "TSF"), which provides no additional service. *See* Dk. No. 47 ("Am. Compl."); Dk. No. 47-1. Thus, the Consumer Complaints directly pertain to the allegations in the Complaint and should not be sealed based on a fictitious "relevance" standard.

Second, Metronet's conclusory assertion that "identifying information" and "internal recordkeeping practices" would somehow be damaging to Metronet if disclosed on this record does not satisfy Metronet's burden of establishing a "trade secret." Metronet has not demonstrated how the information sought to be sealed will cause ham to Metronet's business. *See Bridgestone Americas Holding, Inc*, 878 N.E.2d at 193. It is difficult to surmise how consumer complaints

---

[1] Pursuant to the Uniform Stipulated Protective Order, Section IV (Dk. No. 35-1) (the "Protective Order") in this matter, Plaintiffs challenged Defendant's designation of "Confidential" to certain documents produced in discovery to-date and requested Metronet remove the "Confidential" label from these documents. Metronet declined to do so.

against Metronet with redacted personal identifying information which are already publicly accessible could possibly harm Metronet's business if not sealed. Further, it is not clear how Metronet's nebulous "internal recordkeeping practices", even if revealed for the first time, would be harmful to Metonet's business. It is not Plaintiffs' or the Court's job to guess. *See Shepard v. Humke,* IP 01–1103–C–H/K, 2003 WL 1702256, at *1 (S.D.Ind. Mar.28, 2003) ("[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how."); *Standard Register Co.,* 30 F.Supp.2d at 1084.

In sum, Metronet has failed to demonstrate that the Consumer Complaints are a protected trade secret and why this information ought to be removed from public view in this case. Accordingly, the Motion the Consumer Complaints should be made available in unsealed form on the public docket.

Dated: November 10, 2024                    Respectfully submitted,

                                            */s/ Sophia G. Gold*
                                            Sophia G. Gold (*pro hac vice*)
                                            KalielGold PLLC
                                            490 43rd Street, No. 122
                                            Oakland, California 94609
                                            Telephone: (202) 350-4783
                                            sgold@kalielgold.com

                                            Tyler B. Ewigleben, Bar No. 36450-49
                                            Jennings Early PLLC
                                            500 President Clinton Avenue, Suite 110
                                            Little Rock, Arkansas 72201
                                            Telephone: (317) 695-1712
                                            tyler@jefirm.com

                                            *Attorney for Plaintiffs and the Putative Class*

## **CERTIFICATE OF SERVICE**

I certify that on June 10, 2025, I caused to be electronically filed the foregoing using the CM/ECF system which will give notice to all counsel of record.

*/s/ Sophia G. Gold*
Sophia G. Gold
