UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JYOTI GAUTAM MURRAY, ALLEN PERRY, and EMANUEL GOLD on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>METRO FIBERNET, LLC d/b/a METRONET,<br><br>　　　　　　Defendant. | Case No. 3:24-cv-00131-MPPB-CSW |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S
<u>MOTION TO STAY DISCOVERY</u>**

<u>**INTRODUCTION**</u>

　　This putative class action concerns Defendant Metro Fibernet, LLC d/b/a Metronet ("Metronet") and its bait-and-switch advertising of its Fiber-Speed Internet Service (the "Internet Service"). Plaintiffs allege that Metronet misleads consumers by prominently advertising sham low prices for its Internet Service through various marketing channels, including on its website, in online promotions, mailing flyers, and billboards—and then covertly tacks on a mandatory Technology Services Fee ("TSF") on consumers' bills that steeply inflates the true cost of Metronet's Internet Service by up to 40%. *See generally*, Dkt. No. 47, Amended Complaint ("Am. Compl.") ¶¶ 16-17; 24, 29-33. Plaintiffs allege claims for violations of the Indiana

1

Deceptive Consumer Sales Act, unjust enrichment, and negligent misrepresentation as well as alternate claims for violations of the Minnesota Prevention of Consumer Fraud Act, the Minnesota Deceptive Trade Practices Act, and the Kentucky Consumer Protection Act. *Id.*

Despite Plaintiffs' diligent efforts to move this case forward, very little progress has been made in discovery due to Metronet's continued efforts to unilaterally stay discovery in this case. For example, on April 28, 2025, Metronet expressed its unsupported position in both writing and during meet and confers that discovery is "on hold" and that it should remain that way until the Court rules on Plaintiffs' Amended Complaint. *See* Dkt. No. 44-1 at 279 (attaching email indicating "we understood discovery to be on hold"). Although the Court denied Defendant's First Motion to Stay Discovery (*see* Dkt. No. 29, "December 6 Order") and affirmed Judge Wildeman's discovery order to expeditiously progress discovery in this case (*see* June 6 Order) according to the deadlines set by this Court (*see* Dkt. No. 58), Metronet has again moved for a formal stay of discovery based on its Second Motion to Dismiss the Amended Complaint forcing Plaintiffs into a repetitive motion practice to compel Metronet to comply with its discovery obligations. *See* Dkt. No. 55 ("Second Motion to Stay"); Dkt. No. 53 ("Second Motion to Dismiss"). As an initial matter, the Motion should be denied because this exact issue has already been decided by this Court. *See* December 6 Order at 3 (denying Defendant's first request for a stay of discovery).

Furthermore, and as outlined in its opposition to Defendant's Second Motion to Dismiss, *see* Dkt. No. 61, Metronet's Second Motion to Dismiss is not likely to succeed. If anything, Plaintiffs' claims have only grown stronger since the Court rejected most of the bases that Metronet's First Motion to Dismiss relied on. *See* Dkt. No. 41. ("April 18 Order"). Furthermore, Plaintiffs, in the Amended Complaint, addressed the single issue raised by the Court in the

2

pleadings and therefore, more than sufficiently describe "the who, what, when, where, and how" of Defendant's deceptive and misleading advertisements to put Metronet on notice of its fraudulent conduct, as required by Rule 9(b). *See* April 18 Order at 4, 5, 9[1]; *see also U.S. ex rel. Robinson v. Indiana Univ. Health Inc.*, No. 1:13-CV-02009-TWP, 2015 WL 3961221, at *2 (S.D. Ind. June 30, 2015); *Kahn v. Walmart Inc.*, 107 F.4th 585, 594 (7th Cir. 2024). This Motion should be denied, as it was previously.

## BACKGROUND

Plaintiffs initiated this action by filing the Complaint on August 2, 2024. *See* Dkt. No. 1. In its First Motion to Dismiss, Metronet argued that Plaintiffs did not plead enough facts to meet the heightened pleading standard required by Rule 9(b). See Dkt. No. 14 at 6-9; Dkt. No. 24 at 2-4 ("First Motion to Dismiss"). Plaintiffs disputed this, *see* Dkt. No. 21 at 4-8, and on April 18, 2025, the Court granted Plaintiffs leave to file an amended complaint to address a single Rule 9(b) defect in the pleadings, *see* April 18 Order at 4, 5, 9, which Plaintiffs have done, *see* Am. Compl. ¶¶ 35-64. Notably, Plaintiffs' claim for unjust enrichment already survived Defendant's first Motion to Dismiss. *See* Dkt. No. 41 at 9.

Defendant's Second Motion to Stay Discovery (Dkt. No 55) ("Second Motion to Stay") is Metronet's fourth attempt to evade its discovery obligations in this case. Metronet filed its first motion to stay discovery in the case (Dkt. No. 26) ("First Motion to Stay"), which the Court denied. *See* December 6 Order. Then, Metronet unilaterally refused to produce relevant documents, forcing Plaintiffs to seek a discovery conference with Magistrate Judge Wildeman. As a result, Judge Wildeman held Metronet was required to immediately produce a subset of the

---

[1] In its April 18 Order, the Court granted Plaintiff leave to amend the Complaint with guidance that to meet Rule 9(b)'s heightened pleading standard, Plaintiff should provide additional details on where Plaintiffs saw Defendant's advertisements. Plaintiffs have provided this in their Amended Complaint. *See* Am. Compl. ¶¶ 35-64.

3

documents Plaintiffs sought. *See* Dkt. No. 39 at 3-4. ("Judge Wildeman's Order"). Third, Metronet filed an objection to Judge Wilderman's Order (*see* Dkt. No. 42), which the Court denied. *See* Dkt. No 59 ("June 6 Order"). In its order, the Court affirmed Judge Wildeman's Order that Metronet "produce copies of all advertising and marketing documents concerning the communities in which Plaintiffs lived." June 6 Order at 3; Dkt. No. 39 at 3-4. Now, Metronet attempts to evade its discovery obligations, yet again. In its Second Motion to Stay, Metronet contends again, as it did in its First Motion to Stay, that in light of its Motion to Dismiss, the Court should stay discovery. *See also* Dkt. Nos. 25, 55. Plaintiffs stated their opposition to its First Motion to Stay and do so again now.

## LEGAL STANDARD

Although this Court has inherent power to stay proceedings, it must balance Plaintiffs' and Defendant's competing interests and other relevant factors. *E.E.O.C. v. Fair Oaks Dairy Farms, LLC*, No. 2:11 CV 265, 2012 WL 3138108, at *2 (N.D. Ind. Aug. 1, 2012). Courts in this circuit use the following factors to assess whether a stay of discovery is warranted: (1) "whether the stay will prejudice the non-movant;" (2) "whether the stay will simplify the issues in the case;" and (3) "whether the stay will reduce the burden of litigation for the parties or the court." *U.S. ex rel. Robinson*, 2015 WL 3961221, at *1. A court must evaluate on a case-by-case basis whether a stay of discovery is appropriate. *Fair Oaks Dairy Farms, LLC.*, 2012 WL 3138108, at *2. The "filing of a motion to dismiss or for judgment on the pleadings certainly does not automatically warrant a stay of discovery, and in most instances such a stay is not appropriate." *U.S. ex rel. Robinson*, 2015 WL 3961221, at *8 (internal citation omitted). The moving party bears the burden of proof. *Red Barn Motors, Inc. v. Cox Enterprises, Inc.*, No. 114CV01589TWPDKL, 2016 WL 1731328, at *2 (S.D. Ind. May 2, 2016) (citing *Ind. State*

4

*Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009)). Here, each factor strongly favors denying Metronet's Motion.

## ARGUMENT

### A. A Stay Will Unduly Prejudice Plaintiffs

A stay will unduly prejudice Plaintiffs and delay resolution of this important case. Plaintiffs allege that Metronet systematically deceives thousands of consumers with misleading price representations which have gone unabated for years. Am. Compl. ¶¶ 3, 25. Plaintiffs would be remiss not to immediately pursue the discovery necessary to prove their case. Indeed, the Court has already set deadlines for discovery, dispositive motions, and trial.[2] Furthermore, the court has already decided that even a short stay of discovery will prejudice Plaintiffs and jeopardize the case management deadlines. *See* December 6 Order; *Red Barn Motors, Inc.*, 2016 WL 1731328, at *3; *Fair Oaks Dairy Farms, LLC*, 2012 WL 3138108, at *3. Metronet's repeated efforts to delay discovery in this case continues to impair Plaintiffs' ability to prepare the case expeditiously. *U.S. ex rel. Robinson*, 2015 WL 3961221, at *6.

### B. The Stay Will Not Simplify Issues In The Case

"As a general matter, a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue such [as] standing, jurisdiction, or qualified immunity." Red Barn Motors, Inc., 2016 WL 1731328, at *3; *U.S. ex rel. Robinson*, 2015 WL 3961221, at *7. Given that Metronet largely repeats the same arguments that the Court already rejected in the First Motion to Dismiss, Metronet's Second Motion to Dismiss raises no potentially dispositive threshold issues.

---

[2] Pursuant to this Court's Order Extending Deadline in Case Management Plan ("Case Management Order"), non-expert discovery would close on December 8, 2025, expert discovery would close May 4, 2026, and dispositive motions would be due May 15, 2026. Dkt. No. 58 at 1. Trial is set for October 2026. Dkt. No. 58 at 2.

5

In general, a moving party's speculation of its likelihood of success on the motion is not enough to warrant a stay of discovery.[3] *Red Barn Motors, Inc.*, 2016 WL 1731328, at *3. Here, Metronet's Second Motion to Dismiss is particularly unlikely to succeed given that the Court has already resolved most of the issues raised therein in its Order on the First Motion to Dismiss. Dkt. No. 41. Indeed, In the Amended Complaint, Plaintiffs addressed the single Rule 9(b) defect in the pleadings identified by the Court, *see* April 18 Order at 4, 5, 9. Further, the Court has already upheld Plaintiffs' unjust enrichment claim. Thus, as Plaintiffs have briefed ad nauseam, this case will proceed into discovery. Delaying discovery serves no purpose here. Defendant's Second Motion to Stay should be denied.

### C. The Stay Will Not Reduce the Burden Of Litigation For The Parties Or The Court

Despite Defendant's continued attempts to delay discovery, Metronet has failed to establish the burden it would face without a stay. "This showing typically requires affidavits or other evidence supporting a party's assertions of burden." *U.S. ex rel. Robinson*, 2015 WL 3961221, at *4–5. A generalized statement that it would be a burden to engage in discovery is not specific enough to justify a stay. Metronet "offer[s] no estimate regarding how much time or how much money will be expended, and [] offer[s] no analysis of why such amounts—if quantified—would be disproportionate to the extent of the alleged misconduct in this case. . . such speculation from Defendant['s] counsel—without any sort of substantiation—does not

---

[3] Metronet again primarily relies on a single case, *Soares v. Meeks*, No. 3:21-cv-00057-RLY-MPB, 2021 WL 5748438 (S.D. Ind. Oct. 04, 2021), which is inapposite. Dkt. No. 55 at 4-5. As Plaintiffs previously briefed, Defendants in that case raised jurisdictional arguments in their Motion to Dismiss, the resolution of which would simplify and/or resolve the issues in the case. *Id.* at *3-*4. Additionally, Metronet concedes that it raises no such jurisdictional or threshold issue. *See* Dkt. No. 55. *Soares* was a personal real estate matter with little public interest, which is distinguishable from the significant public interest in the instant case. The allegations against Metronet are of a wide-spread and persistent bait-and-switch advertising scheme in violation of consumer protection laws across multiple states. Defendant's reliance on a second case, *Vital Proteins, LLC v. Ancient Brands*, LLC, No. 1:22-CV-02265, 2023 WL 5671857 (N.D. Ill. Sept. 1, 2023), similarly lacks the weight of the public interest in a consumer protection case. Dkt. No. 55 at 7. In addition, the discovery requests in that case were far more sweeping and the court found that many of the allegations in that complaint were entirely unsupported. Id. at *4.

6

establish good cause for staying discovery." *U.S. ex rel. Robinson*, 2015 WL 3961221, at *4–5.[4] Defendant's statement that discovery will "require Metronet to expend significantly more time and resources in responding than it already has . . . [and] [t]his effort will not be necessary if Metronet's Motion to Dismiss is granted again, even if only in part" is not adequate to support an unjustifiable discovery burden on Defendant. Dkt. No. 55 at 6. Instead, the purported "burden" Metronet may experience from responding to discovery is, in reality, merely a burden typical of responding to discovery and does not outweigh the undue prejudice that will result from a stay.

Defendant also conflates the purposes of Rule 9(b) with avoidance of discovery, entitling it to a stay of normal course discovery. Defendant argues "continuing with discovery would amount to nothing more than a fishing expedition on behalf of the Plaintiffs." Dkt. No. 55 at 8. This argument fails. The Amended Complaint is not "glaringly deficient" or "completely wanting" such that Plaintiffs appear to seek a fishing expedition through discovery and offend Rule 9(b). *Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1328 (7th Cir.1994); *see also U.S. ex rel. Robinson*, 2015 WL 3961221, at *3. In contrast, Plaintiffs describe in extensive detail the deception they experienced in subscribing to Defendant's Internet Service. *See* Am. Compl. ¶¶ 15-64. Their specific allegations more than meet the standard for 9(b). *See* Am. Compl. ¶¶ 15-64.

---

[4] As Plaintiffs have previously briefed, it is well settled in this circuit that Defendant must offer more than "unsupported statements of counsel in briefs" to meet its burden for a stay of discovery. *Red Barn Motors, Inc.*, 2016 WL 1731328, at *3; *see also Fair Oaks Dairy Farms*, 2012 WL 3138108, at *3 ("Dairy Farms has not pointed to a single discovery request that it alleges would be overly burdensome.... Dairy Farms simply states that the discovery would be burdensome and expensive without greater detail. The insufficiencies are fatal to its request."); *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum LLC*, No. 1:04–CV–477, 2007 WL 1164970, at *4 (N.D.Ind. Apr.18, 2007) (quotation omitted) ("[I]f a party is to resist discovery as unduly burdensome, it must adequately demonstrate the nature and extent of the claimed burden by making a specific showing as to how disclosure of the requested documents and information would be particularly burdensome."); *New England Carpenters Health & Welfare Fund v. Abbott Labs.*, No. 12 C 1662, 2013 WL 690613, at *3 (N.D. Ill. Feb. 20, 2013) ("[Defendant] provides no clear showing of its burden or cost with any anticipated discovery. Therefore, Defendants' motion to stay discovery is denied.") (citation omitted).

Thus, the proper channel for Defendant's discovery concerns is the meet and confer process, not a stay of discovery. *U.S. ex rel. Robinson*, 2015 WL 3961221, at *3.

Indeed, any potential burdens on Defendant at this point are speculative and should be negotiated through the meet and confer process. Plaintiffs are willing to work collaboratively with opposing counsel and Metronet to reduce discovery burdens by narrowing or amending discovery requests where reasonable. None of the items requested are especially burdensome to produce in the context of the allegations. Accordingly, any purported issues with the breadth and burden of discovery are speculative at this point and does not warrant a stay of discovery. *U.S. ex rel. Robinson*, 2015 WL 3961221, at *5.

A stay would also prejudice this Court since it would likely have to revise the Court's Second Case Management Order to amend discovery, dispositive motions, and trial deadlines. *See* Dkt. No. 58. As discussed *supra*, rescheduling deadlines would not ameliorate the burden on Plaintiffs caused by further delay to this case. It also would prejudice the judicial system. Indeed, Defendant's actions with regard to discovery have already forced an extension of deadlines in this case. "District courts have an important and inherent authority and obligation to control their calendars and ensure that litigation proceeds expeditiously." *U.S. ex rel. Robinson*, 2015 WL 3961221, at *6 (citing *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir.2005)); *see also* Fed.R.Civ.P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Defendant has not shown its burden would be so great without a stay that these effects are justified.

Furthermore, granting of a stay would have adverse effects far beyond this Court and would undermine clear and important public policy objectives. Courts frequently take into

8

account these kinds of societal interests before staying or restricting discovery. *U.S. ex rel. Robinson*, 2015 WL 3961221, at *6; *Fair Oaks Dairy Farms*, 2012 WL 3138108, at *2; *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Significant public interest in consumer protection cases like this one, where thousands of consumers are alleged to have been deceived and misled by Metronet's bait-and-switch internet advertising scheme, weighs strongly against granting Defendant's stay. Consumer protection laws were designed and specifically written to hold companies like Metronet accountable for their deceptive acts and practices through the judicial system's "truthseeking function." Am. Compl. ¶¶ 77-123; *see also U.S. ex rel. Robinson,* 2015 WL 3961221, at *7. Staying discovery, therefore, would not just undermine the Court's management of this litigation, but also important public policy objectives.

In sum, a stay would not promote judicial economy or prevent Metronet's burden of participating in discovery. It would instead prejudice important societal interests and place an undue burden on Plaintiffs by impairing their ability to seek redress for Metronet's wrongful conduct and expeditiously resolve this case.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court deny Metronet's Second Motion to Stay Discovery Pending Ruling on Motion to Dismiss.


Dated: June 16, 2025                    Respectfully submitted,

                                        */s/ Tyler B. Ewigleben*
                                        Tyler B. Ewigleben, Bar No. 36450-49
                                        Jennings Early PLLC
                                        500 President Clinton Avenue, Suite 110
                                        Little Rock, Arkansas 72201
                                        Telephone: (317) 695-1712
                                        tyler@jefirm.com

Sophia G. Gold (*pro hac vice*)
KalielGold PLLC
490 43rd Street, No. 122
Oakland, California 94609
Telephone: (202) 350-4783
sgold@kalielgold.com

*Attorney for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

I certify that on June 16, 2025, I caused to be electronically filed the foregoing using the CM/ECF system which will give notice to all counsel of record.

*/s/ Tyler B. Ewigleben*
Tyler B. Ewigleben

11