UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JYOTI GAUTAM MURRAY, ALLEN PERRY, and EMMANUEL GOLD on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> METRO FIBERNET, LLC d/b/a METRONET, <br><br> Defendant. | Case No. 3:24-cv-00131-MPB-CSW |

**DEFENDANT METRONET'S REPLY**
**IN SUPPORT OF MOTION TO MAINTAIN DOCUMENTS UNDER SEAL**

Pursuant to Local rules 5-11 and 7-1, Defendant Metro Fibernet, LLC ("Metronet") submits this Reply in support of Plaintiffs' Motion to Maintain Documents Under Seal (the "Motion") (Dkt No. 48) and in response to Plaintiffs' Opposition to Defendant's Response to Motion to Maintain Documents Under Seal ("Plaintiffs' Response") (Dkt No. 60).

Plaintiffs' Response fails to justify the public disclosure of documents produced and designated as "Confidential" under the Protective Order entered on February 10, 2025, (Dkt No. 36), which were subsequently attached as Exhibit A (the "Exhibit") to Plaintiffs' Amended Complaint, (Dkt No. 47). Specifically, Plaintiffs mistake Metronet to be in the position of federal and state agencies to the extent they suggest that Metronet can determine which materials are subject to FOIA requests, and what redactions must be made before documents are produced pursuant to such a request. Further, Plaintiffs ignore the prejudice that Metronet would suffer if the Exhibit became publicly filed – notwithstanding the fact that Metronet moved to strike such documents due to their immateriality and impertinent nature, and if the Exhibit is stricken, the issue as to its seal becomes moot.

First, Plaintiffs are incorrect that the issue of whether Metronet should (or must) protect some portions of consumer complaints as Confidential must be viewed through a lens of how the consumer complaints might be produced by governmental agencies through a FOIA request. Under 5 U.S.C. § 552,[1] it is the relevant governmental agency that has the obligation to make eligible documents publicly available upon request and to determine if any portions require redaction to protect privacy interests of those reflected in the documents. *See* 5 U.S.C.A. § 552 (West). Metronet, by contrast, is not a governmental entity, nor does it have any say as to which documents can be disclosed and which information must be redacted prior to its disclosure under FOIA. Rather, Metronet's production of the consumer complaints encompassed in the Exhibit were redacted to remove information duly protected by – and marked as Confidential under – the Protective Order because they reveal internal recordkeeping practices of Metronet, the manner in which such records are received and maintained, and the names and business emails of Metronet employees. (Dkt No. 36.) Indeed, the fact that the scope of production of these consumer complaints would be determined by a government agency showcases the importance of maintaining its seal, as neither party knows the extent of their disclosure, and Metronet maintains that the consumer complaints contained in the Exhibit should be sealed pursuant to the Protective Order. (Dkt No. 36.) Should Plaintiffs wish to make these documents part of the public record, they are more than able to submit FOIA requests to the relevant federal and state agencies to obtain and make public whatever documents they obtain in response.

Second, Metronet would suffer significant prejudice if the Exhibit were made publicly available in light of its pending motion to strike the Exhibit. Plaintiffs purport that Metronet has not put forth an explanation as to why public disclosure of the Exhibit, causing public disclosure

---

[1] *See also* IND. CODE § 5-14-3 (Indiana's Access to Public Records Act); MINN. STAT. § 13.03 (Minnesota's Government Data Practices Act); KY. REV. STAT. ANN. § 61.870 *et seq.* (Kentucky's Open Records Act).

of Metronet's internal recordkeeping practices, would cause it prejudice. The potential prejudice is clear; doing so would make public unverified and isolated consumer complaints about Metronet's services without providing Metronet's responses to those complaints, in which Metronet confirms disclosure of the Tech Assure Fee. (*See* Dkt No. 53 at 3-4 (explaining how the Tech Assure Fee was disclosed to customers in the Terms and Conditions and under asterisked disclosures).)

Third, Plaintiff is incorrect in asserting that the relevance of the Exhibit is not germane to whether the Exhibit should remain under seal. In its Memorandum in support of its Motion to Dismiss the Amended Complaint, Metronet explained how the consumer complaints in Exhibit A should be stricken because they are impertinent to the Named Plaintiffs' claims. (Dkt No. 53 at 20.) Public disclosure of this Exhibit would only serve to clutter and improperly inject arguably inadmissible evidence into the record in an attempt to tarnish Metronet's business reputation through public filings. Yet, if the Exhibit is stricken (which Metronet contends it should be), the issue of whether the Exhibit should be maintained under seal will become moot. It prejudices neither party to maintain the Exhibit under seal, and thus, sealing should be maintained to prevent unnecessary prejudice to Metronet.

Finally, Plaintiffs do not set forth any reason why they would be prejudiced if the Exhibit is unsealed, or even why the Exhibit is relevant to their claims. Notably, in a class action, it is the facts relating to the Named Plaintiffs (not absent class members) that are litigated. None of the consumer complaints at issue are by the Named Plaintiffs, and it is not even clear whether the complaints were made by people who would be in the class even if it is certified. In the absence of any affirmative reason for unsealing, one can only surmise that the reason behind Plaintiffs' efforts to unseal the Exhibit is too harass and embarrass Metronet.

For these reasons, Metronet respectfully requests that this Court maintains Exhibit A to Plaintiffs' Amended Complaint under seal.

Dated: June 17, 2025

Respectfully submitted,

By: */s/ Scott T. Schutte*
    Scott T. Schutte
    Spenser B. Jaenichen
    Allison R. Heil
    **MORGAN, LEWIS & BOCKIUS LLP**
    110 North Wacker Drive, Suite 2800
    Chicago, IL 60606-1511
    Phone: 312.324.1000/Fax: 312.324.1001
    scott.schutte@morganlewis.com
    spenser.jaenichen@morganlewis.com
    allison.heil@morganlewis.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

      I, Scott T. Schutte, an attorney, certify that I filed the foregoing Reply using the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record on this 17th day of June, 2025.

                                              */s/ Scott T. Schutte*
                                              Scott T. Schutte