

# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Kristine L. Seufert, Clerk of Court**

| | | | |
|---|---|---|---|
| Birch Bayh Federal Building & U.S. Courthouse, Room 105 46 East Ohio Street Indianapolis, IN 46204 (317) 229-3700 | U.S. Courthouse, Room 104 921 Ohio Street Terre Haute, IN 47807 (812) 231-1840 | Winfield K. Denton Federal Building & U. S. Courthouse, Room 304 101 NW Martin Luther King Blvd. Evansville, IN 47708 (812) 434-6410 | Lee H. Hamilton Federal Building & U.S. Courthouse, Room 210 121 West Spring Street New Albany, IN 47150 (812) 542-4510 |

September 24, 2025

Sophia G. Gold
KalielGold PLLC
490 43rd Street
Ste 122
Oakland, CA 94609

Allison R. Heil
Morgan Lewis & Bockius LLP
110 N. Wacker Drive
Chicago, IL 60606

RE:  JYOTI GAUTAM MURRAY v. METRO FIBERNET, LLC d/b/a METRONET

CAUSE NO:  3:24-cv-00131-MPB-CSW

Dear Appellant and Appellee:

Please be advised that the Notice of Appeal filed in 3:24-cv-00131-MPB-CSW has been forwarded to the United States Court of Appeals for the Seventh Circuit. The Clerk of the Seventh Circuit will assign an appellate case number, docket the appeal, and notify case participants of the Seventh Circuit case number assigned to this matter.

Please review Seventh Circuit Rule 10 (enclosed) for guidance regarding record preparation.

Please contact the Clerk's office with any questions or concerns.

Sincerely,
Kristine L. Seufert
Clerk of Court

By Karen Angermeier, Deputy Clerk
8122311842

## <u>Selected Rules for Reference</u>

**CIRCUIT RULE 10. Preparation and Accessibility of Record in District Court Appeals**

**(a) Record Preparation Duties.**

  **(1) Within 14 days of filing the notice of appeal the district court must ensure the district court docket is complete and made available electronically to the court of appeals.**

  **(2) The clerk of the district court must prepare and hold any confidential record or exhibit not available electronically on the district court docket until requested by the court of appeals.**

  **(3) Counsel must ensure, within 21 days of filing the notice of appeal, that all electronic and non electronic documents necessary for review on appeal are on the district court docket.**

  (b) *Correction or Modification of Record.* A motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof must be presented first to the district court. That court's order ruling on the motion must be included as part of the record and a notice of the order must be sent to the court of appeals.

  (c) *Order or Certification with Regard to Transcript.* Counsel and court reporters are to utilize the form prescribed by this court when ordering transcripts or certifying that none will be ordered. For specific requirements, see Rules 10(b) and 11(b), Fed. R. App. P.

  (d) *Ordering Transcripts in Criminal Cases.*

  (1) *Transcripts in Criminal Justice Act Cases.* At the time of the return of a verdict of guilty or, in the case of a bench trial, an adjudication of guilt in a criminal case in which the defendant is represented by counsel appointed under the Criminal Justice Act (C.J.A.), counsel for the defendant must request a transcript of testimony and other relevant proceedings by completing a C.J.A. Form No. 24 and giving it to the district judge. If the district judge believes an appeal is probable, the judge must order transcribed so much of the proceedings as the judge believes necessary for an appeal. The transcript must be filed with the clerk of the district court within 40 days after the return of a verdict of guilty or, in the case of a bench trial, the adjudication of guilt or within seven days after sentencing, whichever occurs later. If the district judge decides not to order the transcript at that time, the judge must retain the C.J.A. Form No. 24 without ruling. If a notice of appeal is filed later, appointed counsel or counsel for a defendant allowed after trial to proceed on appeal in forma pauperis must immediately notify the district judge of the filing of a notice of appeal and file or renew the request made on C.J.A. Form No. 24 for a free transcript.

  (2) *Transcripts in Other Criminal Cases.* Within 14 days after filing the notice of appeal in other criminal cases, the appellant or appellant's counsel must deposit with the court reporter the estimated cost of the transcript ordered pursuant to Rule 10(b), Fed. R. App. P., unless the district court orders that the transcript be paid for by the United States. A non-indigent appellant must pay a pro rata share of the cost of a transcript prepared at the request of an indigent co-defendant under the Criminal Justice Act unless the district court determines that fairness requires a different division of the cost. Failure to comply with this paragraph will be cause for dismissal of the appeal.

  (e) *Indexing of Transcript.* The transcript of proceedings to be part of the record on appeal (and any copies prepared for the use of the court or counsel in the case on appeal) must be bound by the reporter, with the pages consecutively numbered throughout. The transcript of proceedings must contain a suitable index, as well as the following information:

(1) An alphabetical list of witnesses, giving the pages on which the direct and each other examination of each witness begins.

(2) A list of exhibits by number, with a brief description of each exhibit indicating the nature of its contents, and with a reference to the pages of the transcript where each exhibit has been identified, offered, and received or rejected.

(3) A list of other significant portions of the trial such as opening statements, arguments to the jury, and instructions, with a reference to the page where each begins.

When the record includes transcripts of more than one trial or other distinct proceeding, and it would be cumbersome to apply this paragraph to all the transcripts taken together as one, the rule may be applied separately to each transcript of one trial or other distinct proceeding.

(f) *Presentence Reports.* The presentence report is part of the record on appeal in every criminal case. The district court must maintain this report under seal, unless it has already been placed in the public record in the district court. If the report is under seal, the report may not be included in the appendix to the brief or the separate appendix under Fed. R. App. P. 30 and Circuit Rule 30. Counsel of record may review the presentence report but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge.

(g) *Effect of Omissions from the Record on Appeal.* When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf



# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Kristine L. Seufert, Clerk of Court**

| | | | |
|---|---|---|---|
| Birch Bayh Federal Building & U.S. Courthouse, Room 105 46 East Ohio Street Indianapolis, IN 46204 (317) 229-3700 | U.S. Courthouse, Room 104 921 Ohio Street Terre Haute, IN 47807 (812) 231-1840 | Winfield K. Denton Federal Building & U. S. Courthouse, Room 304 101 NW Martin Luther King Blvd. Evansville, IN 47708 (812) 434-6410 | Lee H. Hamilton Federal Building & U.S. Courthouse, Room 210 121 West Spring Street New Albany, IN 47150 (812) 542-4510 |

September 24, 2025

RE:  JYOTI GAUTAM MURRAY v. METRO FIBERNET, LLC d/b/a METRONET

CAUSE NO:  3:24-cv-00131-MPB-CSW

Dear Appellant:

A Notice of Appeal was filed in the above case on September 23, 2025. However, a "Docketing Statement" was <u>not</u> <u>filed</u> along with the Notice of Appeal, as required by Circuit Rule 3(c) of the U.S. Court of Appeals for the Seventh Circuit. A copy of the rule is attached for reference.

Pursuant to the Seventh Circuit Rule 3(c), the appellant must serve on all parties a docketing statement and file said statement with the Clerk of the Seventh Circuit within seven (7) days of the filing of the Notice of Appeal.

<u>IMPORTANT</u>: Please do not submit the docketing statement to the U.S. District Court. The docketing statement must be filed electronically with the Seventh Circuit pursuant to Circuit Rule 25.  If the appellant is proceeding pro se, then the docketing statement should be filed on paper by mailing the same to the address below:

> Christopher Conway, Clerk
> United States Court of Appeals
> 219 South Dearborn Street, Suite 2722
> Chicago, IL 60604

Please contact the Clerk's office with any questions or concerns.

> Sincerely,
> Kristine L. Seufert,
> Clerk of Court
>
> By Karen Angermeier, Deputy Clerk
> 8122311842

## <u>Selected Rules for Reference</u>

CIRCUIT RULE 3. Notice of Appeal, Docketing Fee, Docketing Statement, and Designation of Counsel of Record

(a) *Forwarding Copy of Notice of Appeal.* When the clerk of the district court sends to the clerk of this court a copy of the notice of appeal, the district court clerk shall include any docketing statement. In civil cases the clerk of the district court shall include the judgments or orders under review, any transcribed oral statement of reasons, opinion, memorandum of decision, findings of fact, and conclusions of law. The clerk of the district court shall also complete and include the Seventh Circuit Appeal Information Sheet in the form prescribed by this court.

(b) *Dismissal of Appeal for Failure to Pay Docketing Fee.* If a proceeding is docketed without prepayment of the docketing fee, the appellant shall pay the fee within 14 days after docketing. If the appellant fails to do so, the clerk is authorized to dismiss the appeal.

(c)(1) *Docketing Statement.* The appellant must serve on all parties a docketing statement and file it with the clerk of the district court at the time of the filing of the notice of appeal or with the clerk of this court within seven days of filing the notice of appeal. The docketing statement must comply with the requirements of Circuit Rule 28(a). If there have been prior or related appellate proceedings in the case, or if the party believes that the earlier appellate proceedings are sufficiently related to the new appeal, the statement must identify these proceedings by caption and number. The statement also must describe any prior litigation in the district court that, although not appealed, (a) arises out of the same criminal conviction, or (b) has been designated by the district court as satisfying the criteria of 28 U.S.C. §1915(g). If any of the parties to the litigation appears in an official capacity, the statement must identify the current occupant of the office. The docketing statement in a collateral attack on a criminal conviction must identify the prisoner's current place of confinement and its current warden; if the prisoner has been released, the statement must describe the nature of any ongoing custody (such as supervised release) and identify the custodian. If the docketing statement is not complete and correct, the appellee must provide a complete one to the court of appeals clerk within 14 days after the date of the filing of the appellant's docketing statement.

(2) Failure to file the docketing statement within 14 days of the filing of the notice of appeal will lead to the imposition of a $100 fine on counsel. Failure to file the statement within 28 days of the filing of the notice of appeal will be treated as abandonment of the appeal, and the appeal will be dismissed. When the appeal is docketed, the court will remind the litigants of these provisions.

(d) *Counsel of Record.* The attorney whose name appears on the docketing statement or other document first filed by that party in this court will be deemed counsel of record, and a separate notice of appearance need not be filed. If the name of more than one attorney is shown, the attorney who is counsel of record must be clearly identified. (There can be only one counsel of record.) If no attorney is so identified, the court will treat the first listed as counsel of record. The court will send documents only to the counsel of record for each party, who is responsible for transmitting them to other lawyers for the same party. The docketing statement or other document must provide the post office address and telephone number of counsel of record. The names of other members of the Bar of this Court and, if desired, their post office addresses, may be added but counsel of record must be clearly identified. An attorney representing a party who will not be filing a document shall enter a separate notice of appearance as counsel of record indicating the name of the party represented. Counsel of record may not withdraw, without consent of the court, unless another counsel of record is simultaneously substituted.

<u>NOTE:</u>   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at:  http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf

**THE SETTLEMENT CONFERENCE PROGRAM**
**U.S. COURT OF APPEALS FOR THE SEVENTH CIRCUIT**

Pursuant to Rule 33 of the Federal Rules of Appellate Procedure[1] and Circuit Rule 33, the Court conducts conferences with counsel and clients to encourage and facilitate the settlement of civil appeals. Rule 33 conferences are conducted in all types of fully-counseled civil appeals except immigration, social security, habeas corpus, prisoners' civil rights, sentencing, and mandamus cases. The Court spontaneously notices most eligible appeals for Rule 33 conferences. Attorneys for one or more parties may also request that a conference be conducted in any eligible case.

Counsel and clients are well-advised to explore opportunities for settlement at the appellate level.Regardless of how unlikely it may seem, the fact is that many cases can be settled at this stage, substituting a certain and acceptable outcome for the risk and expense of further litigation. The Court's Settlement Conference Office has assisted counsel in settling many appeals without unduly delaying the progress of those appeals which do not yield to settlement efforts.      The following information is intended to assist practitioners and their clients in understanding how the Seventh Circuit's settlement conference program works and how they can make the best use of it to achieve favorable results.

- **How do counsel learn that a Rule 33 conference will be conducted in their appeal?**
  A Notice of Rule 33 Settlement Conference is posted on the docket. The Notice is an order of the Court advising counsel of the date and time of the conference, whether it is to be in person or by telephone, and how they and their clients are expected to prepare.

- **How can a Rule 33 conference be requested?**
  Counsel are invited to request a Rule 33 conference by contacting the Settlement Conference Office, U.S. Court of Appeals for the Seventh Circuit, 219 S. Dearborn, Room 1120, Chicago, Illinois 60604-1705 (Tel. (312) 435-6883/Fax (312) 435-6888/E-mail:  settlement@ca7.uscourts.gov ). At the request of any party or parties in an eligible appeal, the Settlement Conference Office will schedule a Rule 33 conference if its calendar permits. Counsel are then advised by notice that a conference will be held.

- **Do other parties have to be informed that a conference was requested?**
  No. If a party prefers to keep its request confidential, the Settlement Conference Office will not disclose to other parties or to the Court that the conference was requested.

- **Is participation in Rule 33 conferences optional?**
  No. When a Rule 33 conference is scheduled, participation is mandatory.

- **Are clients required to attend?**
  Clients and insurance representatives are required to attend Rule 33 conferences whenever the Settlement Conference Office so directs. When clients or insurance representatives have not been directed to attend the initial conference, they must be available by phone – with full settlement authority – for the duration of the conference.

- **Is it mandatory to settle?**
  No. Whether to settle is ultimately for the parties and their counsel to decide. However, counsel and parties are required to participate with the utmost diligence and good faith. Experience shows that settlements can often be achieved when neither side thought it possible.

---

[1] FRAP Rule 33 provides: "Appeal Conferences. The Court may direct the attorneys, and in appropriate cases the parties, to participate in one or more conferences to address any matter that may aid in the disposition of the proceedings, including the simplification of the issues and the possibility of settlement. A conference may be conducted in person or by telephone and be presided over by a judge or other person designated by the court for that purpose. Before a settlement conference, attorneys must consult with their clients and obtain as much authority as feasible to settle the case. As a result of a conference, the court may enter an order controlling the course of the proceedings or implementing any settlement agreement."

- **Who conducts Rule 33 conferences?**
  The Court has delegated the responsibility for conducting Rule 33 conferences to three full-time conference attorneys: Joel N. Shapiro, Rocco J. Spagna, and Jillisa Brittan. All were civil litigators in private practice prior to their appointment by the Court.

- **Is there a fee for the services of the conference attorney?**
  No. The assistance of the Settlement Conference Office is available to appellate litigants at no charge.

- **Must each party's lead attorney attend the Rule 33 conference?**
  Yes. It is essential that each party be represented at the Rule 33 conference by an attorney who not only is conversant with the case but is the attorney on whose advice the party relies. If more than one attorney meets these criteria, either of them may represent the client in the Rule 33 conference.

- **How is it decided whether a Rule 33 conference will be conducted by telephone or in person?**
  When all participants reside in the Chicago metropolitan area, Rule 33 conferences are usually held in the Settlement Conference Office at the United States Courthouse. Otherwise, conferences are generally conducted by telephone. The telephone equipment used in these conferences can accommodate more than a dozen separate lines and enables the conference attorney to speak privately with any combination of participants. Experience indicates that telephone conferences are generally as effective as in-person conferences in fostering settlements.

- **Are in-person conferences ever held outside Chicago?**
  Because the resources of the settlement conference program are limited, in-person conferences cannot routinely be held throughout the Circuit. However, from time to time in-person conferences are conducted at locations other than Chicago. If the participants believe that an in-person conference outside Chicago would be more productive than a conference by telephone, they are welcome to suggest it.

- **Are Rule 33 conferences confidential?**
  Yes. The Court requires all participants to keep what is said in these conferences strictly confidential. Communications, oral and written, which take place in the course of Rule 33 proceedings may not be disclosed to anyone other than the litigants, their counsel, and the conference attorney.

- **Do judges of the Court of Appeals learn what has happened at a Rule 33 conference?**
  No. Participants in Rule 33 conferences, including the conference attorney, are forbidden to impart to any judge or other court personnel, in the Court of Appeals or elsewhere, what has been communicated in these conferences.

- **What occurs at a Rule 33 conference?**
  Rule 33 conferences are official proceedings of the Court but are off-the-record and relatively informal. Discussion is conversational rather than argumentative. The focus is on realistically assessing the prospects of the appeal, the risks and costs of further litigation, the interests of the parties, and the benefits each side can gain through settlement. The conference attorney ordinarily meets with counsel both together and separately. Settlement proposals are discussed. A resolution may or may not be reached during the initial conference. Often, follow-up conferences or shuttle negotiations are conducted. Letters or draft proposals may be exchanged. By the conclusion of the Rule 33 process, the parties will have either reached an agreement to settle or learned how far apart they are and what are the remaining obstacles to settlement.

- **Is discussion of settlement limited to the appeal itself?**
  Not necessarily. If settlement of the appeal will not dispose of the entire case, or if related litigation is pending in other forums, the parties are invited and encouraged to explore the possibility of a global settlement.

- **Is briefing deferred when a Notice of Rule 33 Conference is issued?**
  Briefing is usually postponed until after the initial conference. If further modification of the briefing schedule would be conducive to settlement, an order to that effect may later be entered. What preparation is required of

counsel? In preparation for the initial Rule 33 conference, attorneys are required to consult rigorously with their clients and obtain as much authority as feasible to settle the case. Counsel must also review their legal and factual contentions with a view to being able to discuss candidly the prospects of the appeal and the case as a whole. If the conference attorney requests copies of pleadings, hearing transcripts, or other material in anticipation of the conference, counsel are expected to provide it promptly.

- **What is the role of the conference attorney?**
  Because the format of Rule 33 conferences is flexible and each appeal is dealt with on its own terms, the conference attorney plays a variety of roles. He or she acts as moderator, facilitator, and intermediary. The conference attorney serves as a neutral evaluator and a reality check. He or she may suggest terms of settlement. Without being coercive, the conference attorney acts as a determined advocate for settlement.

- **What can counsel expect of the conference attorney**?
  Before the initial conference, the conference attorney will have familiarized him or herself with the history of the litigation, the posture of the case, and the issues on appeal. During the conference, the conference attorney will seek additional information about the background of the dispute and the parties' interests, claims and defenses in order to explore all possibilities for a voluntary resolution. The conference attorney is strictly impartial. He or she does not advocate for any party and avoids making comments that could advantage one side or another in arguing the issues on appeal. The conference attorney will disclose any affiliation or prior representation of which he or she is aware that could call his or her neutrality into question. The conference attorney does not force any party to settle or to accept terms it is not willing to accept. While he or she urges parties to take advantage of opportunities to settle favorably, the conference attorney recognizes that settlement is not always possible.

- **How can counsel make best use of the Rule 33 conference to benefit their clients?**
  Recognize that the Rule 33 conference is an opportunity to achieve a favorable outcome for your client. Without laying aside the advocate's responsibility, approach the conference as essentially cooperative rather than adversarial. Help your client make settlement decisions based not on overconfidence or wishful thinking, but on a realistic assessment of the case; not on emotion, however justified it may be, but on rational self-interest. Suggest terms of settlement that maximize the benefits of settlement for all parties. Take advantage of the opportunity to talk confidentially and constructively with counsel for the other parties and, if clients are present, to address them respectfully but convincingly. Let the conference attorney know how he or she can help you obtain a satisfactory resolution. Be candid. Don't posture. Listen closely to what other participants have to say. Give the process a chance to work.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JYOTI GAUTAM MURRAY, ALLEN PERRY, and EMANUEL GOLD, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>METRO FIBERNET, LLC d/b/a METRONET,<br><br>    Defendant(s). | ) Case No. 3:24-cv-00131-MPPB-CSW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' NOTICE OF APPEAL**

Notice is hereby given that Plaintiffs Jyoti Gautam Murray, Allen Perry and Emanuel Gold appeal to the United States Court of Appeals for the Seventh Circuit from the Order Granting Defendant's Motion to Dismiss Plaintiffs' Amended Complaint entered in this action on August 26, 2025 (ECF No. 69) and Final Judgment (ECF No. 70).

Dated: September 23, 2025     Respectfully submitted,

               **KALIELGOLD PLLC**

            By:*/s/ Sophia G. Gold*
               Sophia G. Gold (*pro hac vice*)
               KalielGold PLLC
               490 43rd Street, No. 122
               Oakland, California 94609
               Telephone: (202) 350-4783
               sgold@kalielgold.com

               **JENNINGS & EARLEY PLLC**
               Tyler B. Ewigleben; Bar No. 36450-49
               Christopher D. Jennings
               500 President Clinton Avenue, Suite 110
               Little Rock, Arkansas 72201
               Telephone: (317)-695-1712
               tyler@jefirm.com

1

chris@jefirm.com

*Attorney for Plaintiffs and the Putative Class*

2

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 23, 2025, the foregoing document was electronically served on all parties via the Court's CM/ECF system.

*/s/ Neva R. Garcia*
Neva R. Garcia[CP]
Paralegal for KalielGold PLLC

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JYOTI GAUTAM MURRAY on behalf of themselves and all others similarly situated, ALLEN PERRY on behalf of themselves and all others similarly situated, EMANUEL GOLD On behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> METRO FIBERNET, LLC d/b/a METRONET, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) No. 3:24-cv-00131-MPB-CSW ) ) ) ) ) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiffs Jyoti Gautam Murray, Allen Perry, and Emanuel Gold (collectively, "Plaintiffs")

filed this putative class action lawsuit against Defendant Metro Fibernet, LLC d/b/a Metronet

("Metronet"). Plaintiffs allege that they were deceived by low-priced advertisements that did not

accurately reflect the price of Metronet's internet services. Now before the Court is Metronet's

Motion to Dismiss. (Docket No. 52). For the reasons that follow, that Motion, (Docket No. 52),

is **GRANTED**.

**I.      Background**

The Court accepts the following facts as true. Metronet is an Internet Service Provider

("ISP") that "offers an array of fiber internet plans ranging in price dependent on varying degrees

of internet speed[.]" (Docket No. 47, Amended Complaint ("Am. Compl.") at ECF p. 5).

Plaintiffs allege that Metronet "advertises sham low-prices for its Internet Service to consumers

through various marketing channels, including, but not limited to, its website, online promotions,

mailing flyers, and billboards." (*Id.*).

Metronet offers a variety of "best offers" on its website. (*Id.*). Among these "offers" is the "Lowest Price!" option for internet services, which, in some areas, is $29.95 per month. (*Id.* at ECF p. 6). Metronet has added a monthly fee that it characterizes as a "Technology Services Fee" ("TSF"),[1] on top of its flat rate since 2019. (*Id.*). The TSF has increased from $9.95 to $12.95. (*Id.* at ECF p. 7). Metronet's website states that the TSF "cover[s] any service calls or repairs to all Metronet-owned equipment" and "is reflected on [the customer's] invoice in the amount of up to $12.95 per month." (*Id.* at ECF pp. 9–10) (internal quotations omitted). The website also states that the TSF is mandatory and cannot be waived. (*Id.* at ECF p. 10). Thus, customers must pay the monthly TSF regardless of whether their technology needs servicing. (*Id.*). Plaintiffs allege that by excluding the TSF from the offer price, "Metronet was able to advertise an artificially lower price for its Internet Service in order to acquire more customers." (*Id.* at ECF p. 7).

In early March 2022, Murray signed up for internet service through Metronet for her home in Rochester, Minnesota. (*Id.* at ECF p. 10). According "[t]o the best of [Murray's] recollection," Murray was exposed to Metronet's representations about its prices via mail flyers sent to her apartment, as well as billboards in Rochester. (*Id.* at ECF p. 11). Murray chose Metronet for internet services because its advertised price of $49.95 "was the best price she found after comparing the services offered by similar service providers[.]" (*Id.*). Murray did not learn of the TSF until she received her monthly bill. (*Id.*). Murray never made any service calls to Metronet and claims that she "would have chosen another service provider" had she known about the mandatory fee. (*Id.* at ECF p. 12).

---

[1] For purposes of this Motion, "TSF" refers to the "Technology Service Fee" as well as the "Tech Assure" fee. As Plaintiffs note, Metronet "began referring to its 'Technology Service Fee' as the 'Tech Assure' fee" in October 2022, and the allegations "regard both iterations of Defendant's fee and address the same conduct arising from these fees." (Am. Compl. at ECF p. 2 n.1).

2

Perry signed up for internet services with Metronet for his home in Lexington, Kentucky, in April 2024. (*Id.*). Perry selected the promotional discounted price of $29.95 per month for the first twelve months of service. (*Id.*). Perry was exposed to Metronet's representations about its prices "via an online promotion between January 2024 – April 2024." (*Id.*). Like Murray, Perry chose to establish internet services through Metronet because he believed he would be getting the best value. (*Id.* at ECF p. 13). Perry learned about the TSF when he signed up with Metronet over the phone and called to set up installation. (*Id.*). Perry never made any service calls to Metronet. (*Id.*).

In March 2023, Gold signed up for internet service for his home in Indianapolis, Indiana. (*Id.*). Gold selected the promotional discounted price of $29.95 per month for the first twelve months of service. (*Id.* at ECF p. 14). Gold was exposed to Metronet's representations regarding its prices via flyers sent to his home in 2022 and again "[s]ometime between January - March 2023." (*Id.* at ECF pp. 14–15). Each of the two flyers relied on by Gold and attached to the Amended Complaint contain disclaimers indicated by asterisk that the "[o]ffers do not include taxes and fees" and "all promotional rates are subject to Customer's compliance with Metronet's Terms of Service." (*Id.*). Metronet's Terms of Service disclose the existence of the TSF as well as the responsibility of Metronet customers to pay the TSF. (Docket No. 52-1 at ECF p. 9). Like the other named Plaintiffs, Gold chose to establish internet services through Metronet because he believed he would be getting the best value. (Am. Compl. at ECF p. 15). Gold learned about the TSF when he signed up with Metronet. (*Id.*). Gold never made any service calls to Metronet. (*Id.* at ECF p. 16). He cancelled his service with Metronet on March 27, 2025. (*Id.*).

Murray and Perry filed this putative class action lawsuit against Metronet on August 2, 2024. (Docket No. 1). Metronet filed a Motion to Dismiss, or, in the Alternative, to Strike

3

Certain Allegations in the Complaint. (Docket No. 13). This Court granted that Motion in part as to Plaintiffs' fraud claim and denied in part as to Plaintiffs' claim for unjust enrichment on April 18, 2025. (Docket No. 41). In doing so, the Court granted leave for Plaintiffs to file an Amended Complaint. (*Id.*) The Plaintiffs filed their Amended Complaint on May 15, 2025, adding Plaintiff Emanuel Gold to the lawsuit. (Docket No. 47). Defendant Metronet filed a renewed Motion to Dismiss, or, in the Alternative, to Strike Certain Allegations in the Amended Complaint on May 29, 2025. (Docket No. 52).[2]

## II.    Legal Standard

Rule 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

When pleading a fraud claim, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Rule 9(b) "effectively carves out an exception to the otherwise generally liberal pleading requirements under the Federal Rules." *Graue Mill Dev. Corp. v. Colonial Bank & Tr. Co. of Chi.*, 927 F.2d 988, 992 (7th Cir. 1991). To satisfy the requirement of Rule 9(b), a plaintiff pleading fraud must state "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) (citation modified).

---

[2] Metronet filed a Motion to Dismiss, or, in the Alternative, to Strike Certain Allegations in the Amended Complaint. (Docket No. 52). As to the alternative motion, the Court declines to strike the customer reviews included in the Amended Complaint because the reviews do not amount to "redundant, immaterial, impertinent, or scandalous matter[s]." Fed. R. Civ. P. 12(f). Metronet has not demonstrated how the reviews have "no possible relation to the controversy and [are] clearly prejudicial." *Baker v. Westinghouse Elec. Corp.*, 830 F. Supp. 1161, 1168 (S.D. Ind. 1993) (citation modified).

### III.     Discussion

#### A.     Fraud Claims

##### 1.     Plaintiff Gold's Claim

Metronet raises a number of challenges to Plaintiffs' Amended Complaint. Among these challenges is Plaintiff Gold's failure to state a claim. Metronet argues that Gold's allegations fail to state a fraud-based claim because the attached advertisements indicate that Metronet's offer included certain taxes and fees, contradicting Gold's allegation that he was not informed about the TSF. Specifically, Metronet argues "both advertisements expressly state that the offer is 'subject to Customer's compliance with Metronet's Terms of Service,' and '[o]ffers do not include taxes *and fees*.'" (Docket No. 53 at ECF p. 14) (emphases in original). In response, Plaintiffs contend that the fine-print language in the advertisements does not cure their deception, and, even if it did, this question is not appropriate for the motion to dismiss stage.

To begin, Metronet argues that Plaintiffs improperly changed their legal theory in the response brief by arguing that the fees were not *adequately* disclosed, rather than omitted in the advertisements. Indeed, "[i]t is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012) (citation omitted). Accordingly, the Court is "restricted to an analysis of the complaint when evaluating a motion to dismiss." *Hill v. Trs. of Ind. Univ.,* 537 F.2d 248, 251 (7th Cir. 1976). The Court is not convinced, however, that Plaintiffs assert an entirely new legal theory given the Amended Complaint's allegations that the nature of the fee was "fraudulently concealed." (Am. Compl. at ECF p. 16). Nevertheless, Gold's legal claim should be dismissed for other reasons.

At the dismissal stage for state-law deception claims, "[w]hat matters most is how real consumers understand and react to the advertising." *Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 476 (7th Cir. 2020) (holding that an accurate fine-print list of ingredients on the back of a product at issue in consumer protection claims does not foreclose such claims as a matter of law when a product has an ambiguous front label according to the reasonable consumer).[3] But "where plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified." *Id.* at 477.

Here, in contrast to cases like *Bell* that do not warrant dismissal, the advertisements viewed by Gold contain asterisks next to the price-per-month offers disclaiming that they "do not include taxes and fees," such as the TSF, without requiring a consumer to scrutinize the back of the advertisement. (Am. Compl. at ECF pp. 14–15). As advertised, the internet service offers direct Metronet customers to the existence of the offer's additional taxes and fees, leaving no room for ambiguity or disagreement among reasonable consumers as to a fee's existence. *See Bell*, 982 F.3d at 477 ("We stand by the general principle that deceptive advertising claims should take into account all the information available to consumers and the context in which that information is provided and used."); *see also Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013) (affirming the dismissal of a claim that internet service advertising was deceptive and acknowledging that "under certain circumstances, the presence of a disclaimer or similar clarifying language may defeat a claim of deception"). Therefore, Plaintiff Gold's allegations fail to state a claim and are **dismissed**.

---

[3] For applications of the reasonable consumer standard where violations of Indiana's Deceptive Consumer Sales Act were asserted, see *Domer v. Menard, Inc.*, 116 F.4th 686, 700 (7th Cir. 2024) (concluding that reasonable consumers "understand there will be terms and conditions associated with using a website" and thus arbitration could be compelled concerning the plaintiff's consumer protection claim that the store did not disclose an additional pickup service fee for online orders).

### 2.   Particularity Requirement

Metronet also argues that Plaintiff Murray and Plaintiff Perry fail to state their fraud-based claims with sufficient particularity.[4] Plaintiffs' Amended Complaint cannot satisfy the heightened pleading standard under Rule 9(b), Metronet argues, because Plaintiffs Murray and Perry base each of their claims on vague allegations. In response, Plaintiffs contend that they have sufficiently placed Metronet on notice of its particular fraudulent misconduct.[5]

In practice, Rule 9(b) requires that a plaintiff pleading fraud must state "the who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Here, Plaintiffs Murray and Perry have stated the who: Metronet. (Am. Compl. at ECF pp. 10, 12). They have also stated the what: misleading advertisements for internet services that intentionally excluded mandatory monthly charges. (*Id.* at ECF pp. 10–13). As to the timing of Metronet's alleged misrepresentations, Murray was exposed to advertisements "[i]n or around March 6, 2022." (*Id.* at ECF p. 10). Facts elucidating the "where" for Murray's allegations and the "when" for Perry's allegations, however, are less precise.

As for Murray, she alleges that, "[t]o the best of [her] recollection," she was exposed to Metronet's misrepresentations via mailing flyers sent to her apartment and billboards in Rochester. (*Id.* at ECF p. 11). "Rule 9(b)'s particularity requirement is not satisfied by allegations of fraud based on 'information and belief,' unless the facts are peculiarly within the adversary's

---

[4] Metronet also argues that Plaintiff Murray's fraud claim is barred by the two-year statute of limitations under the Indiana Deceptive Consumer Sales Act. They also contend that Plaintiffs' claims should be dismissed under the voluntary payment doctrine. Because the Court resolves this case on other grounds, it need not address those arguments.

[5] Plaintiffs argue that the Court is bound by prior rulings regarding Metronet's arguments in the first Motion to Dismiss as applied to Plaintiff Murray and Plaintiff Perry, but Plaintiffs misapprehend the law of the case doctrine. Plaintiffs filed an Amended Complaint, and amended pleadings supersede all prior pleadings. *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995). Accordingly, the Court "must take a fresh . . . look at whether the allegations in the Amended Complaint state a claim." *Seeks v. Boeing Co.*, 752 F. Supp. 3d 992, 1013 (N.D. Ill. 2024).

knowledge." *Richter v. Corp. Fin. Assocs., LLC*, No. 1:06-cv-1623, 2007 WL 1164649, at *2 (S.D. Ind. Apr. 19, 2007) (quoting *Bankers Tr. Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 684 (7th Cir. 1992)). The Court noted the deficiency with the "information and belief" pleading in its prior Order, (*see* Docket No. 41 at ECF p. 5), and in response, Murray replaced that phrase with "[t]o the best of Plaintiff's recollection," (Am. Compl. at ECF p. 11). But as Metronet argues, that change presents "a distinction without a difference." (Docket No. 53 at ECF p. 15). Further, the facts here do not fit Rule 9(b)'s exception, as there is no argument from Murray or indication in the Amended Complaint that Metronet's misrepresentations "[were] inaccessible to [her]." *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992). The opposite is true—only Murray could know where she was exposed to Metronet's allegedly deceiving advertisements. *See United States ex rel. Kietzman v. Bethany Circle of King's Daughters of Madison, Ind., Inc.*, 305 F. Supp. 3d 964, 978 (S.D. Ind. 2018) (complaint failed to state fraud claim with particularity where the plaintiff's allegations were made "[u]pon information and belief" but plaintiff "c[ould not] plausibly claim to have lacked access" to such information).

Perry's allegations also suffer from deficiencies. Perry alleges he "was first exposed to [Metronet's] representations regarding its Fiber-Speed Internet Service via an online promotion between January 2024 – April 2024." (Am. Compl. at ECF p. 12). Metronet argues that Perry's allegations of exposure to allegedly fraudulent online promotions, the exact type of which is unknown, over a four-month period do not satisfy the particularity requirement. As to the type of online promotion, the Court is not convinced that Rule 9 requires identification of the *exact* advertisements as a prerequisite to stating a fraud claim. *See Rubio v. Polaris, Inc.*, No. 1:21-cv-3006, 2022 WL 13909757, at *4 (S.D. Ind. Oct. 24, 2022) (finding that a plaintiff stated a fraud claim when she alleged that she saw advertisements online, from her home in Illinois, "while

8

making an 'on-line rental purchase,'" and relied on those advertisements when renting a dangerous machine which led to injury); *see also Cleveland v. Whirlpool Corp.*, 550 F. Supp. 3d 660, 675 (D. Minn. 2021) (concluding fraud claim was pleaded with particularity where the plaintiff alleged the defendant made fraudulent representations "on its website, in marketing materials, in warranties, in user manuals, on the labeling of the packaging of the Dishwashers, through employees, and through authorized retailers").

The "when" of Perry's allegations, however, are not sufficiently particular. While Plaintiffs argue that the Court has "already accepted Plaintiff Perry's allegations that he 'was exposed to advertisements on or around April 2024' to be sufficient" in response to the original Complaint, Plaintiffs fail to recognize the difference between the former pleading and the new four-month period alleged. (Docket No. 61 at ECF p. 17). "When" allegations satisfy the particularity requirement depending on whether more particularized allegations would serve the purpose of Rule 9(b) in allowing defendants to adequately respond to the allegations. *Compare, e.g.*, *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 950 (7th Cir. 2013) (holding that a period of approximately six months did not satisfy the particularity requirement for a claim in which conspiracy to commit a fraud was alleged), *with In re Yotis*, 521 B.R. 625, 634–35 (Bankr. N.D. Ill. 2014) (noting that a "relaxed rule of pleading may be allowed as an exception" where a fraud claim alleges conduct amounting to fifteen occurrences).

Here, requiring Perry to plead a more specific time in which he was exposed to the advertisements would serve the purpose of Rule 9(b) because, as Metronet argues, the four-month period does not provide Metronet enough notice to respond to allegations regarding any online promotion when marketing materials are subject to potential drastic changes during that period of time. Additionally, Perry's allegations refer to *one* exposure to an "online

advertisement," so it is unclear why pleading a four-month period is necessary. (Am. Compl. at ECF p. 12).

At bottom, Plaintiff Murray and Perry's claims are not stated with sufficient particularity under Rule 9(b) and are hereby **dismissed**.

### B.    Unjust Enrichment Claims

Plaintiffs also allege that Metronet was unjustly enriched by the TSF. Metronet argues that because Plaintiffs entered into an express agreement with Metronet, Plaintiffs cannot pursue an unjust enrichment claim. Under Indiana law, the existence of an express agreement does not necessarily preclude a claim for unjust enrichment. *Coppolillo v. Cort*, 947 N.E.2d 994, 998–99 (Ind. Ct. App. 2011). But this is the exception, not the general rule. *See Meridian Fin. Advisors, Ltd. v. Pence*, 763 F. Supp. 2d 1046, 1065 (S.D. Ind. 2011) ("Indiana law only permits recovery under the equitable principle of unjust enrichment *when no adequate remedy at law exists*.") (emphases added). Unjust enrichment claims may survive despite the existence of a contract "when an express contract does not fully address a subject," such as additional payment arrangements discussed by parties outside of the contract's terms. *Coppolillo*, 947 N.E.2d at 998. Here, Plaintiffs argue that their unjust enrichment claim should survive because they paid or continue to pay the TSF, and they have received nothing in return for such payment. Plaintiffs, however, fail to explain how the existing contract fails to address the fee at issue given that the internet service contracts expressly put them on notice of the TSF's existence. Unlike *Coppolillo*, there is no indication that "the parties' payment arrangements were not fully addressed by" the terms of their service agreement. *Id.* at 999. Plaintiffs' unjust enrichment claims are **dismissed**.

10

### C.  Negligent Misrepresentation Claims

Metronet additionally argues that Plaintiffs' negligent misrepresentation claim should be dismissed because, under Indiana, Kentucky, and Minnesota law, Plaintiffs fail to plead an adequate claim. In response, Plaintiffs forfeit their claim under Indiana law and proceed only under Kentucky and Minnesota law.

Kentucky and Minnesota have both adopted the definition of negligent misrepresentation from the Restatement (Second) Torts § 552. *See Presnell Const. Managers, Inc. v. EH Const., LLC*, 134 S.W.3d 575, 582 (Ky. 2004); *Williams v. Smith*, 820 N.W.2d 807, 815 (Minn. 2012). Negligent misrepresentation creates a claim for a plaintiff who suffers a pecuniary loss when the defendant (1) in the course of business or a transaction; (2) provides false information to the plaintiff with respect to a business transaction; (3) fails to exercise reasonable care in communicating the information; and (4) the plaintiff relied on such information. *Presnell*, 134 S.W.3d at 580; *Williams*, 820 N.W.2d at 815.

Under Kentucky law, Metronet argues, Plaintiffs fail to state a claim because allegations of omissions are insufficient to state a claim of negligent misrepresentation. Indeed, Kentucky law requires "an affirmative false statement." *Giddings & Lewis, Inc. v. Indus. Risk Insurers*, 348 S.W.3d 729, 746 (Ky. 2011) (citation omitted). In response, Plaintiffs contend that they adequately allege Metronet negligently misrepresented the internet service's cost "as a fictitiously low price by *omitting* the TSF from the total cost of the Internet Service in its advertising materials." (Docket No. 61 at ECF p. 23) (emphasis added). Without allegations of an affirmative false statement, Plaintiffs' claim under Kentucky law fails.

Plaintiffs also fail to state a claim under Minnesota law. Negligent misrepresentation claims require plaintiffs to plead the ultimate facts, "or the facts underlying each element of their

11

negligent misrepresentation claim." *Hardin Cnty. Sav. Bank v. Hous. & Redevelopment Auth. of City of Brainerd*, 821 N.W.2d 184, 192 (Minn. 2012). Negligent misrepresentation claims in Minnesota must satisfy the particularity requirements of Rule 9(b), and allegations that do not "specifically describe the content of . . . [the] alleged misrepresentations, the time, or the place" are not pleaded with sufficient particularity. *Trooien v. Mansour*, 608 F.3d 1020, 1029 (8th Cir. 2010). As established above, Plaintiff Murray failed to establish the "where" allegations necessary to state a claim under Rule 9(b). Thus, Plaintiffs' negligent misrepresentation claims are **dismissed**.

## IV.    Conclusion

Defendant's Motion to Dismiss, (Docket No. 52), is **GRANTED** as to Plaintiffs' fraud, unjust enrichment, and negligent misrepresentation claims. Defendant's alternative Motion to Strike, (Docket No. 52), is **DENIED**. Because the Court previously granted leave to file an amended complaint in the previous Order on Defendant's Motion to Dismiss, (Docket No. 41), it declines to do so here. Final judgment will issue by separate entry.

        **IT IS SO ORDERED.**

Dated:  August 26, 2025

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JYOTI GAUTAM MURRAY on behalf of themselves and all others similarly situated, ALLEN PERRY on behalf of themselves and all others similarly situated, EMANUEL GOLD On behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> METRO FIBERNET, LLC d/b/a METRONET, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 3:24-cv-00131-MPB-CSW |

**FINAL JUDGMENT**

Pursuant to the Court's Order on this date, the Court now enters **FINAL JUDGMENT** in favor of Defendant Metro Fibernet, LLC d/b/a Metronet and against Plaintiffs Jyoti Gautam Murray, Allen Perry, and Emanuel Gold.

**IT IS SO ORDERED.**

Dated:  August 26, 2025

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Kristine L. Seufert, Clerk

BY: _____
Deputy Clerk, U.S. District Court

Served electronically on all ECF-registered counsel of record.

# *** PUBLIC DOCKET ***

APPEAL,CLOSED

## U.S. District Court
## Southern District of Indiana (Evansville)
## CIVIL DOCKET FOR CASE #: 3:24-cv-00131-MPB-CSW

| | |
|---|---|
| MURRAY et al v. METRO FIBERNET, LLC d/b/a METRONET | Date Filed: 08/02/2024 |
| Assigned to: District Judge Matthew P. Brookman | Date Terminated: 08/26/2025 |
| Referred to: Magistrate Judge Crystal S. Wildeman | Jury Demand: Plaintiff |
| Demand: $5,000,000 | Nature of Suit: 370 Other Fraud |
| Cause: Civil Miscellaneous Case | Jurisdiction: Diversity |

**Plaintiff**

**JYOTI GAUTAM MURRAY**
*on behalf of themselves and all others similarly situated*

represented by **Sophia G. Gold**
KalielGold PLLC
490 43rd Street
Ste 122
Oakland, CA 94609
202-350-4783
Email: sgold@kalielgold.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tyler B Ewigleben**
Jennings & Earley PLLC
500 President Clinton Avenue
Ste 110
Little Rock, AR 72201
317-695-1712
Email: tyler@jefirm.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALLEN PERRY**
*on behalf of themselves and all others similarly situated*

represented by **Sophia G. Gold**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tyler B Ewigleben**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**EMANUEL GOLD**
*On behalf of themselves and all others similarly situated*

represented by **Tyler B Ewigleben**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **METRO FIBERNET, LLC d/b/a METRONET** | represented by | **Allison R. Heil** Morgan Lewis & Bockius LLP 110 N. Wacker Drive Chicago, IL 60606 312-324-1456 Fax: 312-324-1001 Email: allison.heil@morganlewis.com *ATTORNEY TO BE NOTICED* |
| | | **Scott Schutte** Morgan Lewis & Bockius LLP 110 N. Wacker Drive Suite 2800 Chicago, IL 60606 312-324-1773 Email: scott.schutte@morganlewis.com *ATTORNEY TO BE NOTICED* |
| | | **Spenser B Jaenichen** Morgan Lewis & Bockius LLP 110 N. Wacker Drive Ste 2800 Chicago, IL 60606-1511 312-324-1153 Email: spenser.jaenichen@morganlewis.com *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 08/02/2024 | 1 | COMPLAINT against All Defendants, filed by All Plaintiffs. (Filing fee $405, receipt number AINSDC-8273610) (Attachments: # 1 Civil Cover Sheet, # 2 Proposed Summons)(Ewigleben, Tyler) (Entered: 08/02/2024) |
| 08/05/2024 | 2 | Summons Issued as to JYOTI GAUTAM MURRAY. (TPS) (Entered: 08/05/2024) |
| 08/05/2024 | 3 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (TPS) (Entered: 08/05/2024) |
| 08/05/2024 | 4 | Notice to File Rule 7.1 Disclosure Statement. (RAGS) (TPS) (Entered: 08/05/2024) |
| 08/08/2024 | 5 | AFFIDAVIT of Service for Summons served on Metro Fibernet, LLC d/b/a Metronet on 08/06/2024, filed by All Plaintiffs. (Ewigleben, Tyler) (Entered: 08/08/2024) |
| 08/27/2024 | 6 | NOTICE of Appearance by Scott Schutte on behalf of Defendant METRO FIBERNET, LLC d/b/a METRONET. (Schutte, Scott) (Entered: 08/27/2024) |
| 08/27/2024 | 7 | Unopposed MOTION for Extension of Time to 9/23/24 in which to 1 Complaint *TO FILE RESPONSIVE PLEADING*, filed by Defendant METRO FIBERNET, LLC d/b/a METRONET. (Schutte, Scott) (Entered: 08/27/2024) |
| 08/28/2024 | 8 | Submission of Proposed Order , re 7 Unopposed MOTION for Extension of Time to 9/23/24 in which to 1 Complaint *TO FILE RESPONSIVE PLEADING*, filed by Defendant METRO FIBERNET, LLC d/b/a METRONET. (Schutte, Scott) (Entered: 08/28/2024) |
| 08/28/2024 | 9 | ORDER SETTING INITIAL PRE-TRIAL CONFERENCE - A Telephonic Initial Pretrial Conference is set for 10/16/2024 at 9:30 AM (Central Time) before Magistrate Judge Crystal S. Wildeman. The information needed to participate in this telephonic conference will be provided by a separate notification. No fewer than seven (7) days before the IPTC, counsel must file a Proposed CMP. (See Order.) Signed by Magistrate Judge Crystal S. Wildeman on 8/28/2024. (JSR) (Entered: 08/29/2024) |

| | | |
|---|---|---|
| 08/28/2024 | 10 | ORDER granting 7 Motion for Extension of Time to File a Response to the Complaint to 9/23/2024. Signed by Magistrate Judge Crystal S. Wildeman on 8/28/2024. (JRB) (Entered: 08/29/2024) |
| 09/17/2024 | 11 | MOTION for Attorney(s) Sophia G. Gold to Appear pro hac vice (Filing fee $100, receipt number AINSDC-8340433), filed by Plaintiffs JYOTI GAUTAM MURRAY, ALLEN PERRY. (Attachments: # 1 Text of Proposed Order)(Ewigleben, Tyler) (Entered: 09/17/2024) |
| 09/18/2024 | 12 | ORDER granting 11 Motion to Appear pro hac vice. Attorney Sophia G. Gold for JYOTI GAUTAM MURRAY,Sophia G. Gold for ALLEN PERRY added. See Order. Signed by Magistrate Judge Crystal S. Wildeman on 9/18/2024. (LF) (Entered: 09/18/2024) |
| 09/23/2024 | 13 | MOTION to Dismiss *or in the Alternative to Strike Certain Allegations in the Complaint*, filed by Defendant METRO FIBERNET, LLC d/b/a METRONET. (Attachments: # 1 Exhibit Exhibit 1 Perry Summary E-mail, # 2 Exhibit Exhibit 2 Perry Installation Confirmation, # 3 Exhibit Exhibit 3 Terms and Conditions, # 4 Exhibit Exhibit 4 Murray Summary E-mail, # 5 Exhibit Exhibit 5 Murray Installation Confirmation, # 6 Exhibit Exhibit 6 Murray March 2022 Invoice)(Schutte, Scott) (Entered: 09/23/2024) |
| 09/23/2024 | 14 | BRIEF/MEMORANDUM in Support re 13 MOTION to Dismiss *or in the Alternative to Strike Certain Allegations in the Complaint* , filed by Defendant METRO FIBERNET, LLC d/b/a METRONET. (Schutte, Scott) (Entered: 09/23/2024) |
| 10/09/2024 | 16 | *Proposed* CASE MANAGEMENT PLAN TENDERED, filed by Plaintiffs JYOTI GAUTAM MURRAY, ALLEN PERRY . (Ewigleben, Tyler) (Entered: 10/09/2024) |
| 10/11/2024 | 17 | Unopposed MOTION for Extension of Time to File Response to 10/29/2024 re 13 MOTION to Dismiss *or in the Alternative to Strike Certain Allegations in the Complaint* , filed by Plaintiffs JYOTI GAUTAM MURRAY, ALLEN PERRY. (Attachments: # 1 Text of Proposed Order)(Ewigleben, Tyler) (Entered: 10/11/2024) |
| 10/15/2024 | 18 | ORDER granting 17 Motion for Extension of Time to Respond to 13 Motion to Dismiss or Amend the Complaint to 10/29/2024. Signed by Magistrate Judge Crystal S. Wildeman on 10/15/2024. (JRB) (Entered: 10/16/2024) |
| 10/18/2024 | 19 | ORDER: CASE MANAGEMENT PLAN APPROVED AS AMENDED. Initial Pretrial Conference held on 10/16/2024. Dispositive Motions due by 11/17/2025. Discovery due by 6/6/2025. Status Conference set for 2/5/2025 at 09:00 AM (Central Time) Telephonic before Magistrate Judge Crystal S. Wildeman. Signed by Magistrate Judge Crystal S. Wildeman on 10/18/2024.(TMB) (Entered: 10/18/2024) |
| 10/18/2024 | 20 | ORDER REGARDING DISCOVERY DISPUTES - SEE ORDER. Signed by Magistrate Judge Crystal S. Wildeman on 10/18/2024.(JRB) (Entered: 10/18/2024) |
| 10/29/2024 | 21 | RESPONSE in Opposition re 13 MOTION to Dismiss *or in the Alternative to Strike Certain Allegations in the Complaint* , filed by Plaintiffs JYOTI GAUTAM MURRAY, ALLEN PERRY. (Ewigleben, Tyler) (Entered: 10/29/2024) |
| 10/31/2024 | 22 | SCHEDULING ORDER: This cause is hereby set for a JURY TRIAL before the Honorable Matthew P. Brookman, United States District Judge on APRIL 6, 2026, at 9:00 a.m., Evansville time (CDT), in Room 301 of the Winfield K. Denton Federal Building/U.S. Courthouse, 101 Northwest Martin Luther King Boulevard, Evansville, Indiana. A FINAL PRE-TRIAL CONFERENCE is set for MARCH 9, 2026, at 1:00 p.m., Evansville time (CDT), in Room 301 of the Winfield K. Denton Federal Building/ U.S. Courthouse, 101 Northwest Martin Luther King Boulevard, Evansville, Indiana. See Order. Signed by District Judge Matthew P. Brookman on 10/31/2024.(LF) (Entered: 10/31/2024) |
| 11/05/2024 | 23 | NOTICE of Appearance by Spenser B Jaenichen on behalf of Defendant METRO FIBERNET, LLC d/b/a METRONET. (Jaenichen, Spenser) (Entered: 11/05/2024) |
| 11/06/2024 | 24 | REPLY in Support of Motion re 13 MOTION to Dismiss *or in the Alternative to Strike Certain Allegations in the Complaint* , filed by Defendant METRO FIBERNET, LLC d/b/a METRONET. (Schutte, Scott) (Entered: 11/06/2024) |

| 11/21/2024 | 25 | MOTION to Stay *Discovery Pending Ruling on Motion to Dismiss*, filed by Defendant METRO FIBERNET, LLC d/b/a METRONET. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Schutte, Scott) (Entered: 11/21/2024) |
| 11/21/2024 | 26 | BRIEF/MEMORANDUM in Support re 25 MOTION to Stay *Discovery Pending Ruling on Motion to Dismiss* , filed by Defendant METRO FIBERNET, LLC d/b/a METRONET. (Schutte, Scott) (Entered: 11/21/2024) |
| 12/05/2024 | 27 | RESPONSE in Opposition re 25 MOTION to Stay *Discovery Pending Ruling on Motion to Dismiss* , filed by Plaintiffs JYOTI GAUTAM MURRAY, ALLEN PERRY. (Ewigleben, Tyler) (Entered: 12/05/2024) |
| 12/06/2024 | 28 | NOTICE of Appearance by Allison R. Heil on behalf of Defendant METRO FIBERNET, LLC d/b/a METRONET. (Heil, Allison) (Entered: 12/06/2024) |
| 12/06/2024 | 29 | ORDER ON 25 DEFENDANT'S MOTION TO STAY - The Court DENIES Defendant's request for a stay of discovery. However, the Court GRANTS Defendant's request for an extension of time to respond to Plaintiff's discovery requests. The Court hereby ORDERS that Defendants shall have up to and including January 10, 2025, to so respond. (See Order.) Signed by Magistrate Judge Crystal S. Wildeman on 12/6/2024. (JSR) (Entered: 12/09/2024) |
| 01/09/2025 | 30 | MOTION for Extension of Time to January 17, 2025 *for Defendant to respond to Plaintiffs' First Set of Interrogatories and Requests for Production*, filed by Defendant METRO FIBERNET, LLC d/b/a METRONET. (Schutte, Scott) (Entered: 01/09/2025) |
| 01/10/2025 | 31 | Submission of Proposed Order , re 30 MOTION for Extension of Time to January 17, 2025 *for Defendant to respond to Plaintiffs' First Set of Interrogatories and Requests for Production*, filed by Defendant METRO FIBERNET, LLC d/b/a METRONET. (Schutte, Scott) (Entered: 01/10/2025) |
| 01/13/2025 | 32 | ORDER granting 30 Defendant's Motion for Extension of Time to File. Defendant shall have until and including January 17, 2025, to respond to Plaintiffs' First Sets of Interrogatories and Requests for Production. Signed by Magistrate Judge Crystal S. Wildeman on 1/13/2025. (KAA) (Entered: 01/13/2025) |
| 02/05/2025 | 34 | MINUTE ORDER for proceedings held before Magistrate Judge Crystal S. Wildeman: Status Conference held on 2/5/2025. Telephonic Status Conference set for 4/22/2025 at 09:00 AM (Central Time) before Magistrate Judge Crystal S. Wildeman. Signed by Magistrate Judge Crystal S. Wildeman. (TMB) (Entered: 02/05/2025) |
| 02/07/2025 | 35 | Joint MOTION for Protective Order , filed by Defendant METRO FIBERNET, LLC d/b/a METRONET. (Attachments: # 1 Exhibit A: Protective Order)(Schutte, Scott) (Entered: 02/07/2025) |
| 02/10/2025 | 36 | UNIFORM STIPULATED PROTECTIVE ORDER - SEE ORDER. Signed by Magistrate Judge Crystal S. Wildeman on 2/10/2025.(JRB) (Entered: 02/11/2025) |
| 03/14/2025 | 37 | SCHEDULING ORDER - This matter is scheduled for a Telephonic Discovery Dispute Conference on April 3, 2025, at 2:00 p.m. (Central Time), before the Honorable Crystal S. Wildeman, United States Magistrate Judge. The purpose of this conference is to assist the parties in a discovery dispute. Before 12:00 p.m. (EST) on March 31, 2025 Signed by Magistrate Judge Crystal S. Wildeman on 3/14/2025. (See Order.) (BAA) (Entered: 03/14/2025) |
| 04/08/2025 | 39 | MINUTE ORDER for proceedings held before Magistrate Judge Crystal S. Wildeman: Discovery Dispute Conference held on 4/3/2025. The Parties are FURTHER ORDERED to file joint reports on the status of discovery every thirty (30) days hereafter. The first joint report is due no later than thirty (30) days from the date of this Order. Joint Reports should address: (1) Discovery completed to date; (2) Discovery planned in the next 30 days; (3) Whether there exist any discovery disputes the parties are meeting and conferring on and if so, a description of such dispute and the time and date of any meet and confer. The Parties are FURTHER GRANTED LEAVE to pursue motions practice on any of the above-identified discovery dispute items, to the extent they believe further authorities and/or argument would be determinative. **SEE ORDER.** Signed by Magistrate Judge Crystal S. Wildeman. (TMB) (Entered: 04/08/2025) |

| 04/18/2025 | 41 | ORDER ON DEFENDANT'S MOTION TO DISMISS - In sum, Defendant's Motion to Dismiss (Docket No. 13) is GRANTED as to Plaintiffs' fraud claim and DENIED as to their claim for unjust enrichment. Plaintiff is granted leave to file an Amended Complaint by May 15, 2025. (See Order.) Signed by District Judge Matthew P. Brookman on 04/18/2025. (AJG) (Entered: 04/18/2025) |
|---|---|---|
| 04/22/2025 | 42 | OBJECTION re 39 Magistrate Judge's April 8, 2025 Minute Order on Discovery Dispute Conference , filed by Defendant METRO FIBERNET, LLC d/b/a METRONET. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Schutte, Scott) Modified Text on 4/23/2025 (TMB). (Entered: 04/22/2025) |
| 04/24/2025 | 43 | MINUTE ORDER for proceedings held before Magistrate Judge Crystal S. Wildeman: Status Conference held on 4/22/2025. Status Conference set for 6/4/2025 at 02:00 PM (Central Time) Telephonic before Magistrate Judge Crystal S. Wildeman. The parties shall submit a joint statement or, if there are disputed items, separate statements on topics to address in the status call no later than 12:00 p.m. CST on June 2, 2025, to CSW_Settlement@insd.uscourts.gov. Signed by Magistrate Judge Crystal S. Wildeman. (TMB) (Entered: 04/24/2025) |
| 05/06/2025 | 44 | RESPONSE *to Defendant's Objection to Magistrate Judge's April 8, 2025 Discovery Order*, filed by Plaintiffs JYOTI GAUTAM MURRAY, ALLEN PERRY. (Attachments: # 1 Affidavit)(Ewigleben, Tyler) (Entered: 05/06/2025) |
| 05/08/2025 | 45 | STATUS REPORT *(Joint)* by METRO FIBERNET, LLC d/b/a METRONET. (Schutte, Scott) (Entered: 05/08/2025) |
| 05/13/2025 | 46 | REPLY in Support of Motion re 42 MOTION *Objection to Magistrate Judge's April 8, 2025 Discovery Order*, filed by Defendant METRO FIBERNET, LLC d/b/a METRONET. (Schutte, Scott) (Entered: 05/13/2025) |
| 05/15/2025 | 47 | AMENDED COMPLAINT against All Defendants, filed by All Plaintiffs. (Attachments: # 1 Exhibit) (Ewigleben, Tyler) (Entered: 05/15/2025) |
| 05/15/2025 | 48 | MOTION to Maintain Document Under Seal 47 Amended Complaint *Exhibit A*, filed by Plaintiffs JYOTI GAUTAM MURRAY, ALLEN PERRY. (Ewigleben, Tyler) (Entered: 05/15/2025) |
| 05/27/2025 | 49 | MOTION to Extend Deadlines , filed by Plaintiffs EMANUEL GOLD, JYOTI GAUTAM MURRAY, ALLEN PERRY. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Ewigleben, Tyler) (Entered: 05/27/2025) |
| 05/29/2025 | 51 | BRIEF/MEMORANDUM in Support re 48 MOTION to Maintain Document Under Seal 47 Amended Complaint *Exhibit A* , filed by Defendant METRO FIBERNET, LLC d/b/a METRONET. (Attachments: # 1 Text of Proposed Order)(Schutte, Scott) (Entered: 05/29/2025) |
| 05/29/2025 | 52 | MOTION to Dismiss *or in the Alternative to Strike Certain Allegations in the Amended Complaint*, filed by Defendant METRO FIBERNET, LLC d/b/a METRONET. (Attachments: # 1 Exhibit 1 - Terms and Conditions, # 2 Exhibit 2 - Murray Summary Email, # 3 Exhibit 3 - Murray Installation Confirmation, # 4 Exhibit 4 - Murray First Invoice, # 5 Exhibit 5 - Perry Summary Email, # 6 Exhibit 6 - Perry Installation Confirmation, # 7 Exhibit 7 - Perry First Invoice, # 8 Exhibit 8 - Gold (Isakov) First Invoice)(Schutte, Scott) (Entered: 05/29/2025) |
| 05/29/2025 | 53 | BRIEF/MEMORANDUM in Support re 52 MOTION to Dismiss *or in the Alternative to Strike Certain Allegations in the Amended Complaint* , filed by Defendant METRO FIBERNET, LLC d/b/a METRONET. (Schutte, Scott) (Entered: 05/29/2025) |
| 06/02/2025 | 54 | MOTION to Stay *Discovery Pending Ruling on Motion to Dismiss Amended Complaint*, filed by Defendant METRO FIBERNET, LLC d/b/a METRONET. (Attachments: # 1 Exhibit A - Redline Comparison of Plaintiffs' Amended Complaint to the Original Complaint, # 2 Exhibit B - Terms and Conditions)(Schutte, Scott) (Entered: 06/02/2025) |
| 06/02/2025 | 55 | BRIEF/MEMORANDUM in Support re 54 MOTION to Stay *Discovery Pending Ruling on Motion to Dismiss Amended Complaint* , filed by Defendant METRO FIBERNET, LLC d/b/a METRONET. (Schutte, Scott) (Entered: 06/02/2025) |
| 06/02/2025 | 56 | STATUS REPORT *(JOINT)* by All Plaintiffs. (Ewigleben, Tyler) (Entered: 06/02/2025) |

| 06/03/2025 | 57 | ORDER VACATING TELEPHONIC STATUS CONFERENCE - Comes now the Court, sua sponte, and VACATES the Telephonic Status Conference set for June 4, 2025, at 2:00 p.m. (CST), before Magistrate Judge Crystal S. Wildeman. The pending motions are under advisement. Signed by Magistrate Judge Crystal S. Wildeman on 6/3/2025. (JSR) (Entered: 06/03/2025) |
|---|---|---|
| 06/05/2025 | 58 | ORDER EXTENDING DEADLINES IN CASE MANAGEMENT PLAN - The Court, having reviewed and considered the Plaintiffs' Motion to Extend Deadlines and finding good cause, now GRANTS the same. (Dkt. 49 ). Dispositive Motions due by 5/15/2026. Discovery due by 12/8/2025. In all other respects, the Case Management Plan (Dkt. 19 ) remains in effect. Signed by Magistrate Judge Crystal S. Wildeman on 6/5/2025. (See Order for additional deadlines.) (BAA) (Entered: 06/05/2025) |
| 06/06/2025 | 59 | ORDER ON DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S DISCOVERY ORDER - Before the Court is Defendant Metro Fibernet, LLC d/b/a Metronet's Objection, (Docket No. 42 ), to the Magistrate's Discovery Order, (Docket No. 39 ). While Plaintiffs' initial request was overbroad, its scope was limited to avoid any undue burden to Defendant. Because the Magistrate Judge's Discovery Order was neither "clearly erroneous" nor "contrary to law," Fed. R. Civ. P. 72(a), Defendant's Objection, (Docket No. 42 ), is OVERRULED and the Court AFFIRMS the Magistrate Judge's Discovery Order, (Docket No. 39 ). While Plaintiffs' initial request was overbroad, its scope was limited to avoid any undue burden to Defendant. Because the Magistrate Judge's Discovery Order was neither "clearly erroneous" nor "contrary to law," Fed. R. Civ. P. 72(a), Defendant's Objection, (Docket No. 42 ), is OVERRULED and the Court AFFIRMS the Magistrate Judge's Discovery Order, (Docket No. 39 ). Signed by District Judge Matthew P. Brookman on 6/6/2025. (See Order.) (BAA) (Entered: 06/06/2025) |
| 06/10/2025 | 60 | RESPONSE *In Opposition to Defendant's Response to Motion to Maintain Documents Under Seal*, filed by Plaintiffs EMANUEL GOLD, JYOTI GAUTAM MURRAY, ALLEN PERRY. (Gold, Sophia) (Entered: 06/10/2025) |
| 06/12/2025 | 61 | RESPONSE in Opposition re 52 MOTION to Dismiss *or in the Alternative to Strike Certain Allegations in the Amended Complaint* , filed by Plaintiffs EMANUEL GOLD, JYOTI GAUTAM MURRAY, ALLEN PERRY. (Gold, Sophia) (Entered: 06/12/2025) |
| 06/16/2025 | 62 | RESPONSE in Opposition re 54 MOTION to Stay *Discovery Pending Ruling on Motion to Dismiss Amended Complaint* , filed by Plaintiffs EMANUEL GOLD, JYOTI GAUTAM MURRAY, ALLEN PERRY. (Ewigleben, Tyler) (Entered: 06/16/2025) |
| 06/17/2025 | 63 | REPLY in Support of Motion re 48 MOTION to Maintain Document Under Seal 47 Amended Complaint *Exhibit A* , filed by Defendant METRO FIBERNET, LLC d/b/a METRONET. (Schutte, Scott) (Entered: 06/17/2025) |
| 06/20/2025 | 64 | REPLY in Support of Motion re 52 MOTION to Dismiss *or in the Alternative to Strike Certain Allegations in the Amended Complaint* , filed by Defendant METRO FIBERNET, LLC d/b/a METRONET. (Schutte, Scott) (Entered: 06/20/2025) |
| 06/23/2025 | 65 | Unopposed MOTION for Extension of Time to File Reply to June 25, 2025 re 54 MOTION to Stay *Discovery Pending Ruling on Motion to Dismiss Amended Complaint* , filed by Defendant METRO FIBERNET, LLC d/b/a METRONET. (Attachments: # 1 Text of Proposed Order)(Schutte, Scott) (Entered: 06/23/2025) |
| 06/24/2025 | 66 | ORDER - granting 65 Unopposed MOTION for Extension of Time to File Reply to June 25, 2025 re 54 MOTION to Stay *Discovery. Signed by Magistrate Judge Crystal S. Wildeman on 6/24/2025. (CKM) (Entered: 06/24/2025)* |
| 06/25/2025 | 67 | REPLY in Support of Motion re 54 MOTION to Stay *Discovery Pending Ruling on Motion to Dismiss Amended Complaint* , filed by Defendant METRO FIBERNET, LLC d/b/a METRONET. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Schutte, Scott) (Entered: 06/25/2025) |
| 07/03/2025 | 68 | ORDER granting 54 Motion to Stay - Upon review of the three factors, the Court finds that a stay of discovery is proper at this time. The Motion is therefore GRANTED, and the case is STAYED pending further order. (Dkt. 54). (See Order.) Signed by Magistrate Judge Crystal S. Wildeman on 07/03/2025. (AJG) (Entered: 07/03/2025) |

| 08/26/2025 | 69 | ORDER granting 52 Motion to Dismiss - Defendant's Motion to Dismiss, (Docket No. 52 ), is GRANTED as to Plaintiffs' fraud, unjust enrichment, and negligent misrepresentation claims. Defendant's alternative Motion to Strike, (Docket No. 52 ), is DENIED. Because the Court previously granted leave to file an amended complaint in the previous Order on Defendant's Motion to Dismiss, (Docket No. 41 ), it declines to do so here. Final judgment will issue by separate entry. SEE ORDER. Signed by District Judge Matthew P. Brookman on 8/26/2025. (JRB) (Entered: 08/27/2025) |
| --- | --- | --- |
| 08/26/2025 | 70 | FINAL JUDGMENT - Pursuant to the Court's Order on this date, the Court now enters FINAL JUDGMENT in favor of Defendant Metro Fibernet, LLC d/b/a Metronet and against Plaintiffs Jyoti Gautam Murray, Allen Perry, and Emanuel Gold. Signed by District Judge Matthew P. Brookman on 8/26/2025.(JRB) (Entered: 08/27/2025) |
| 09/23/2025 | 71 | NOTICE OF APPEAL as to 69 Order on Motion to Dismiss, 70 Closed Judgment, filed by Plaintiffs EMANUEL GOLD, JYOTI GAUTAM MURRAY, ALLEN PERRY. (Filing fee $605, receipt number AINSDC-8889740) (Gold, Sophia) (Entered: 09/23/2025) |

**Case #: 3:24-cv-00131-MPB-CSW**